The opinion of the court was delivered by
Valentine, J.:
This was'an action on a criminal recognizance given by the defendants below, (plaintiffs in error,) for the appearance of the defendant Huntzinger, in the district court of Coffey county, to answer to the charge of assault with intent to kill. The recognizance was given in pursuance of a preliminary examination had before a justice of the peace of said county. The judgment in the court below was for the state, and the defendants now claim that the judgment should be reversed, principally on the ground that the record of the justice of the peace before whom the preliminary examination was had does not show that the offense charged was committed in Coffey county. This may all be true, and still the recognizance may be valid. All that is necessary in order to render a recognizance given in pursuance of a preliminary examination valid, is, that- there should have been a fair and reasonable preliminary examination, founded upon a previous complaint and warrant of arrest, from which it may be seen what offense was intended to be charged. It is the preliminary examination, and not the previous proceedings, that gives power to. the magistrate to commit or bind over. And the justice may or may not at his option keep a full record of the preliminary examination. (Criminal code, § 51.) (It is undoubtedly true, that the original complaint, and the original warrant for the arrest of the defendant, should each show where the offense is charged to have been committed; and if the question were raised at the proper time, and in the proper way, it should not be ignored. But a failure to make these instruments show said fact, would not *175 at all invalidate a subsequent preliminary examination, nor the subsequent warrant of commitment, nor subsequent recognizance founded thereon.
The original complaint, and the warrant of arrest are the only portions of the proceedings connected with a preliminary examination, and not subsequent thereto, which are required to show in writing where the offense charged is claimed to have been committed. The original complaint however does not perform the office of a pleading. The preliminary examination is not founded upon the original complaint in the same way that a trial is founded upon an information, or an indictment, and therefore the same strictness is not required in the original complaint that is required in an information, or an indictment. The original complaint has spent its force when the order of arrest is issued, and the order of arrest is the foundation for the preliminary examination. When the defendant is arrested, under the order of arrest he may be taken before any magistrate of the. county, (criminal code, §§ 36, 37,) for the purpose of letting him enter into a recognizance, (§ 40,) or he may be taken “ before the magistrate who issued the warrant, or, in his absence, before some other magistrate of the county in which the warrant was issued,” (§ 42,) for the purpose of having a preliminary examination ; and the preliminary examination is then had upon the warrant of arrest, and not upon the original complaint; (§ 55.) It is not necessary that the magistrate before whom the. preliminary examination is had should • ever see the original complaint. “If it shall appear to the magistrate upon the whole examination that no offense has been committed, or that there is not probable cause for charging the prisoner with the offense, (if any offense has been committed,) he shall be discharged.” (Criminal code, § 52.) If it shall appear from the preliminary examination that the defendant is guilty of the offense charged in the warrant of arrest, then he is committed to jail, or required to enter into a recognizance, etc. (§§ 53, 54.) But “if upon the trial (preliminary examination) it shall appear that the defendant is guilty of a public offense, other than that *176 charged in the warrant, he shall be held in custody of the officer, and tried for such offense, a reasonable opportunity having been given him to obtain his witnesses and prepare his defense.” (§ 55.) It will therefore be seen that the original complaint and the warrant of arrest may charge one offense, and the defendant may be bound over for another. In such a case, in justice to the defendant a new complaint ought to be filed, but still the statute does not- in terms require it..
There seems to he no question about 'the fullness, fairness, and reasonableness of the preliminary examination had in this case. Every necessary fact except one seems to have been sufficiently charged, and every fact charged seems to have been sufficiently proved. This necessary fact not charged was the county where the -offense was committed. The proceedings prior to the preliminary examination do not show where the offense was committed, except possibly by a remote inference they show that it was committed in Coffey county. The fact that the offense was committed in Coffey county was the only fact attempted to be proved in the preliminary ex-animation which was'not sufficiently charged, and this fact was amply proved on the preliminary examination, as was abundantly shown by the parol evidence introduced on the trial in the district court. The defendant had ample time — five days — given him from the time he was first taken before the magistrate, until the preliminary examination was had, in which to prepare to disprove said fact, if it were not a fact. But he did not attempt to disprove it. The testimony taken on the preliminary examination was not reduced to writing, and it is not necessary that it should have been. (Crim. code, § 51.) When the evidence is not. reduced to writing, we think it will be presumed, in the absence of any showing to the contrary, that the evidence was sufficient to authorize the decision of the magistrate, whatever that decision may be. Everything else necessary to uphold the judgment of the district court was sufficiently shown in that court, and therefore the judgment of the district court must be affirmed.
Kingman, C. J., concurring.