THE STATE OF KANSAS v. GEORGE LEWIS.

1. CRIMINAL LAW; *Waiver of Preliminary Examination; Duress.* The mere fact that a person arrested upon a criminal charge, is hand-cuffed when taken before the examining magistrate, and so remains during the reading of the warrant, and subsequent proceedings, the sheriff and a policeman being present all the time, does not in anywise affect a waiver then and there made by the accused of a preliminary examination upon such criminal charge; and a plea in abatement to an information filed in the district court charging the accused with the same offense, grounded upon such fact, claiming that the waiver was made under duress, is not good, and a demurrer thereto is rightfully sustained.

2. BREAKING JAIL, *Before Conviction; Statute Construed.* Where a person charged with having committed a criminal offense is imprisoned in the county jail, awaiting his trial on such charge, breaks such jail and es-

capes, and being rearrested is thereafter tried upon such charge and acquitted, he cannot set up and maintain such acquittal as a bar to an information duly filed against him charging him with the offense of breaking jail and escaping from lawful custody.

### Appeal from Atchison District Court.

INFORMATION against *Lewis*, charging that said *Lewis*, on the 23d of February 1877, while imprisoned in the common jail of Atchison county, in the custody of the sheriff of said county, duly charged with having committed the crime of burglary, before conviction upon such charge, and awaiting his trial therefor, unlawfully and feloniously broke such jail and escaped therefrom and from the custody of said sheriff, etc. Trial at the March Term 1877. Verdict, guilty, and *Lewis* was sentenced to confinement in the penitentiary for two years. He now appeals to this court. The facts, and proceedings before trial, are fully stated in the opinion, *infra.*

*Smith & Solomon*, and *W. D. Gilbert*, for appellant:

1. At the outset of this case we find a travesty on justice enacted by the sheriff of Atchison county, a policeman of the city of Atchison, an examining magistrate, and the county attorney. All these functionaries surround a man charged with crime; he is dragged into the presence of a justice of the peace, shackled and hand-cuffed, to answer the charges preferred against him, and to have a hearing thereon. Under this pressure he naturally waives examination. It may possibly be claimed that because this was a preliminary hearing, and inasmuch as the appellant waived an examination, he is in no position to complain. Since the grand-jury system is practically abolished in this state, we conceive that the preliminary examination is a limitation on the power of the county attorney, who in the absence of the wholesome provision of law providing for such examination might act *ex parte*, and with an oppressive power, only to be redressed at the hands of a constitutional jury. A preliminary hearing is certainly a "prosecution" within the meaning of § 10 of our bill of rights: and what opportunity was afforded to the appellant to *defend in person*, or by counsel, before the jus-

tice? None—and his waiver of a preliminary examination was not his free and untrammeled act. Hence his plea in abatement of the information. The court will notice that no issue is joined on this plea in abatement. A demurrer is filed to the plea, admitting the truth of its allegations. The showing of oppression and judicial outrage recited in the plea in abatement is offensive to the sense of every lawyer. They infringe upon the constitutional protection with which every citizen of this republic is hedged about. They smell of the age of the inquisition, and are repugnant to the spirit of free institutions. The ancient common law, as well as the late American decisions, condemn such proceedings. 4 Black. Com., 332, and note; Hale's Pl. Cr., 219; *Waite's Case*, Leach, 34; 6 State Trials, 230; 42 Cal. 165; *The State v. Kring*, Sup. Ct. of Mo., June 1877.

2. The court below erred in sustaining the demurrer to the appellant's plea in bar. At the time the appellant is alleged to have escaped, he was in custody awaiting trial on the charge of burglary. On being rearrested he was brought to trial in the district court on said charge of burglary, and was duly acquitted. The information for breaking jail, was filed under § 183 of the crimes act. This section provides only for the punishment of any person who shall break jail *"before conviction* for the violation of any penal statute." Now the trial court in construing this section resolved itself into a legislature, and amended this section by inserting the words "or acquittal," after the words "before conviction," in order to bring the defendant within the purview of the law. If this section means anything, it means what it says. It is not ambiguous, and it applies to only one class of cases, to-wit, where the defendant escapes "before conviction." This may be a fault in the law, but the section admits of no other interpretation without judicial interpolation and amendment changing the manifest and plain language of the section. Courts will not by construction extend the operation of penal statutes to cases not clearly within their terms; 2 Dillon Ct. Ct. 219; 14 Peters, 464; 5 Wheaton, 76; 2 id. 119.

3. The court erred in permitting the name of Amos T.

Johnson to be indorsed on the information. The supposed authority for indorsing the name of Johnson as a witness is found in § 67 of ch. 82, Gen. Statutes; but this section provides that the court can only permit the indorsement of the names of witnesses *before trial;* and yet the county attorney, after five witnesses had been examined, was allowed to add the name of Johnson to the information, over the defendant's objection, and that, too, after the county attorney had stated that he knew of the presence of the witness in the county ever since the commission of the alleged offense. Sec. 67 of the criminal code contemplates that the defendant shall be apprised of the names of the witnesses before the trial.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for an alleged violation of section 183 of the act relating to crimes and punishments. (Gen. Stat. 357.) Said section reads as follows:

"SEC. 183. If any person, lawfully imprisoned or detained in any county jail or other place of imprisonment, or in the custody of any officer, upon any criminal charge, before conviction, for the violation of any penal statute, shall break such prison or custody and escape therefrom, he shall upon conviction be punished by confinement and hard labor for a term not exceeding two years, or in a county jail not less than six months."

The facts of the case, so far as it is necessary to state them, are as follows: The defendant was imprisoned in the county jail of Atchison county, in the custody of the jailor of said Statement of     county, upon the criminal charge of burglary in
facts.          the second degree, as defined by section 68 of the act relating to crimes and punishments, (Gen. Stat. 330,) awaiting a trial upon such charge; and while so imprisoned as aforesaid he broke said jail and said custody, and escaped therefrom. Afterward a warrant was duly issued by a justice of the peace of said county for his arrest upon the charge of breaking said jail and custody as aforesaid. Upon such warrant he was duly arrested by the sheriff of said county and a policeman of the city of Atchison, and was hand-

The State v. Lewis.

cuffed and taken before said justice for a preliminary examination, whereupon, without said hand-cuffs being removed, and in the presence of said sheriff and said policeman, and said justice and the county attorney of said county, he waived a preliminary examination, and was returned to said jail. Afterward he was tried upon the charge of burglary, and was acquitted. The county attorney thereupon filed an information in the district court of said county against the defendant duly charging him with the offense of breaking said jail and custody, and escaping, as aforesaid; upon which information the defendant was duly arraigned and pleaded .successively as follows: 1st, A plea in abatement, that he was hand-cuffed, and in the custody of said sheriff and said policeman, when he waived said preliminary examination, and therefore that said waiver was a nullity, and that therefore the county attorney had no power to file said information. 2d, A plea in bar, that he had been tried and acquitted on the charge of burglary, and that therefore he could not be tried or convicted upon the charge of breaking said jail. 3d, The general plea of "not guilty."

The county attorney demurred to the first two pleas, and the court below sustained both of the demurrers, and we think correctly. There was no pretense that any means were used with the intent that such means would cause the defendant to waive said preliminary examination; no pretense that the defendant had any cause to fear that justice would not be done him, except the mere presence of said officers, and that he was hand-cuffed; no pretense that any wrong was done him, except merely the receiving of said waiver while the defendant was hand-cuffed; and no pretense that any of these things worked any prejudice to the defendant's substantial rights on the final trial of the case in the district court upon its merits. We cannot therefore reverse the judgment of the district court rendered upon the verdict of an impartial jury, after a fair trial has been had on the merits of the case in that court, merely because the defendant waived a preliminary examination before an examining magistrate while he was hand-cuffed.

1. Waiver of preliminary examination; duress.

The defendant also claims that as he was acquitted on the charge of burglary, therefore that he did not commit the offense of escaping from said jail "before conviction" upon said charge of burglary. We think otherwise. His offense, of escaping from said jail, comes, as we think, within the letter and the spirit of the statutes prohibiting escapes. He escaped from imprisonment for an alleged burglary, and had never been convicted of such burglary. His offense therefore comes within the exact letter of the statute, and of that section of the statute under which he was prosecuted. He escaped "before conviction." His offense also comes within the spirit of the statute. The spirit of the statute, as gathered from sections 167 to 187 of the crimes act, (Gen. Stat. 354 to 358,) is to punish for all escapes from lawful custody. Some of said sections provide for punishing for escapes made from custody in criminal cases; some for escapes made in civil cases; some, where convictions have already been had in criminal cases; and some "before conviction" in criminal cases. And taking said sections all together, and construing said section 183 as we construe it, they provide for punishing for escapes from lawful custody in all cases. If said section 183 is to be construed as the defendant claims that it should be construed, then it would be improper in any case to try a defendant for an escape until after a trial and conviction upon the original charge; for if he should *by any means* procure an acquittal upon the original charge, or a dismissal of the case, or a *nolle pros.* to be entered therein, then he would not have been guilty of committing any offense by making such escape. When a party is in legal custody, and commits an escape, we do not think that it depends upon some future contingency as to whether such escape is an offense or not.

As to permitting a witness's name to be indorsed on a criminal information at the time of the trial, and permitting such witness to testify in the case, see *The State v. Dickson,* 6 Kas. 209, 219.

We do not think the court below committed any substan-

The State v. Lewis.

tial error in this case, and therefore its judgment will be affirmed.*

All the Justices concurring.

---

*Reporter's Note.—The peculiar features of the foregoing case of *The State v. Lewis*, seem to justify the inserting here of the "poetical report" thereof written by Eugene F. Ware, Esq., attorney-at-law, of Fort Scott, and which he published in the "Fort Scott Daily Monitor," of 10th March 1878. Mr. Ware's "report" is as follows:

In the Supreme Court, State of Kansas.

George Lewis, *Appellant, ads.* The State of Kansas, *Appellee.*

[Appeal from Atchison county.]

SYLLABUS:

*Law—Paw; Guilt—Wilt.* When upon thy frame the law—places its majestic paw— though in innocence, or guilt—thou art then required to wilt.

*Statement of Case, by Reporter:*
This defendant, while at large,
Was arrested on a charge
Of burglarious intent,
And direct to jail he went.
But he somehow felt misused,
And through prison walls he oozed,
And in some unheard-of shape
He effected his escape.

Mark you, now: Again the law
On defendant placed its paw,
Like a hand of iron mail,
And resocked him into jail—
Which said jail, while so corraled,
He by sockage-tenure held.

Then the court met, and they tried
Lewis up and down each side,
On the good old-fashioned plan;
But the jury cleared the man.

Now, *you* think that this strange case
Ends at just about this place.
*Nay, not so.* Again the law
On defendant placed its paw—
This time takes him round the cape
For effecting an escape;
He, unable to give bail,
Goes reluctantly to jail.

Lewis, tried for this last act,
Makes a special plea of fact:
"Wrongly did they me arrest,
"As my trial did attest,
"And while rightfully at large,
"Taken on a wrongful charge.
"I took back from them what they
"From me wrongly took away."

When this special plea was heard,
Thereupon The State demurred.

The defendant then was pained
When the court was heard to say
In a cold impassive way—
"The demurrer is sustained."

Back to jail did Lewis go,
But as liberty was dear,

He appeals, and now is here
To reverse the judge below.
The opinion will contain
All the statements that remain.

*Argument, and Brief of Appellant:*
As a matter, sir, of fact,
Who was injured by our act,
Any property, or man?—
Point it out, sir, if you can.

Can you seize us when at large
On a baseless, trumped-up charge;
And if we escape, then say
It is *crime* to get away—
When we rightfully regained
What was wrongfully obtained?

Please-the-court-sir, what is crime?
What is right, and what is wrong?
Is our freedom but a song—
Or the subject of a rhyme?

*Argument, and Brief of Attorney for The State:*
When The State, that is to say,
*We* take liberty away—
When the padlock and the hasp
Leaves one helpless in our grasp,
It's unlawful then that he
Even *dreams* of liberty—
Wicked dreams that may in time
Grow and ripen into *crime*—
Crime of dark and damning shape;
Then, if he perchance escape,
Evermore remorse will roll
O'er his shattered, sin-sick soul.

Please-the-court-sir, how can we
Manage people who get free?

*Reply of Appellant:*
Please-the-court-sir, if it's *sin*,
Where does *turpitude* begin?

*Opinion of the Court.* Per Curiam:
We—don't—make—law. We are bound
To interpret it as found.

The defendant broke away;
When arrested, he should stay.

This appeal can't be maintained,
For the record does not show
Error in the court below,
And we nothing can infer.
Let the judgment be sustained—
All the justices concur.

[*Note by the Reporter.*]
Of the sheriff—rise and sing,
"Glory to our earthly king!"
[*E. F. W.*