THE STATE OF KANSAS v. JOHN STOFFEL.

1. PRELIMINARY COMPLAINT — *Unavailing Objection.* The preliminary complaint made before a magistrate to obtain a warrant has served its purpose when the arrest of the defendant has been accomplished. An objection to the sufficiency of the allegations of the complaint, made after a preliminary examination has been had upon the charge stated in the warrant, is unavailing.

2. INFORMATION — *Verification.* The verification of an information by a county attorney upon knowledge and belief is a substantial compliance with the requirements of the criminal code.

3. ROBBERY — *First and Second Degrees.* An information alleging that the defendant violently and feloniously took and stole property from the person and in the presence of another, with the intent to steal the same, and that the owner suffered it to be taken through fear of injury to his person and property and to the persons of the members of his family, threatened to be inflicted at divers times *prior to* and *at the time* of the taking of the property by the defendant, does not charge the offense of robbery in the second degree, although it may be sufficient to charge robbery in the first degree. One of the distinguishing characteristics between robbery in the first and second degrees is that, in the first, the property is delivered and suffered to be taken through fear of immediate injury, while in the second it is through fear of injury to be inflicted at some future time.

4. ORAL INSTRUCTIONS — *Error.* It is the duty of the court to charge the jury in writing in a criminal case; and where, after a cause is

submitted, the court recalls the jury and gives further oral instruc-
tions in reference to the law of the case, and verbal explanations of
the written instructions that had already been given, it is error, and,
upon proper exceptions, is sufficient to compel a reversal of the
judgment.

*Appeal from Seward District Court.*

THE material facts are stated in the opinion.

*Jas. K. Beauchamp,* for appellant; *T. S. Brown,* of counsel.

*John N. Ives,* attorney general, and *T. W. Marshall,* county
attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: John Stoffel was prosecuted upon a charge
of robbery, and convicted of grand larceny. He appeals,
and his first ground of error is that the original complaint
filed before the magistrate charged him with stealing the
animal "lawfully" instead of "unlawfully;" and hence he
urges that no crime was committed, and no reason exists
for his arrest or prosecution. The word "lawfully" is the
one used in the record, but, from the other terms employed
in describing the offense, it would appear that this defect was
a clerical error. However, it is unimportant now, as the
warrant was the basis of the preliminary examination, and
not the complaint. It served its purpose when the arrest
of the defendant was accomplished, and if he desired to chal-
lenge its sufficiency, he should have done so by a motion to
quash the warrant. (*Redmond v. The State,* 12 Kas. 172;
*The State v. Reedy,* 44 id. 190.)

An objection is made to the verification of the information.
It was verified upon the knowledge and belief of the county
attorney. This is a substantial compliance with the require-
ments of the criminal code. (Gen. Stat. of 1889, ¶ 5131;
*The State v. Montgomery,* 8 Kas. 351; *The State v. Nulf,* 15 id.
404.)

It is contended in argument that the court erred in over-
ruling a plea in abatement. It is claimed that this plea raised

the question that the information charged a different and higher grade of offense than the one stated in the warrant upon which the defendant was arrested. The confused state of the record, however, with reference to when and in what respect the information was amended, precludes a determination of this question. Another sufficient reason is, that the grounds that were stated in the plea in abatement cannot be ascertained from the record.

It is contended that the defendant was tried for an offense not charged in the information. It charges —

"That on the 5th day of March, A. D. 1890, in the county of Grant and state of Kansas, one John Stoffel did then and there unlawfully, feloniously, forcibly, and violently, from the person and in the presence of one Karl Gall, then and there being, by putting him in fear of injury to his person and property, steal, take and carry away from the person and in the presence of the said Karl Gall one medium-sized black mare, three years old, of the value of $100, in the possession and in the control of the said Karl Gall, property belonging to Karl Gall, jr., and against the will of the said Karl Gall, and from the premises, person and presence of the said Karl Gall, with the intent feloniously to steal, take and carry said mare away, suffered by the said Karl Gall to be taken and carried away through fear of great injury and harm to the person and property of said Karl Gall, and to the persons of the members of his family, threatened to be inflicted by the said John Stoffel, at divers times prior to and at the time of the taking of said mare by the said John Stoffel, with the felonious intent of him, the said John Stoffel, in so doing, him, the said Karl Gall, then and there to rob," etc.

The case was tried upon the theory that the offense charged was robbery in the second degree, and the court instructed the jury that the defendant was charged with a violation of § 74 of the crimes act, which reads:

"Every person who shall be convicted of feloniously taking the personal property of another, in his presence or from his person, which shall have been delivered or suffered to be taken through fear of some injury to his person or property, or to the person of any relative or member of his family, threatened to be inflicted at some different time, which fear shall have been

produced by the person so receiving or taking such property, shall be adjudged guilty of robbery in the second degree." (Gen. Stat. of 1889, ¶ 2203.)

In this respect the court erred. It is probable that the charge is sufficient under § 73 of the crimes act to constitute robbery in the first degree, but certainly it does not come within the statutory definition of robbery in the second degree. It will be observed that the information alleges that Gall suffered the property to be taken through fear of injury to himself and to members of his family, "threatened to be inflicted by the said John Stoffel at divers time *prior to* and *at the time of* the taking of the said mare." The phrase used in § 74, "at some different time," means "at some future different time." One of the distinguishing characteristics between robbery in the first and second degree is, that in the one case the property is delivered or suffered to be taken through fear of some immediate injury, while in the other it is through fear of injury to be inflicted at some future and different time. This was the interpretation placed by the supreme court of Missouri upon a statute of that state, which is substantially similar to our own. The construction was placed upon the Missouri statute in 1865, and we are inclined to follow it. (*The State v. Jenkins*, 36 Mo. 372; Kelley, Crim. Law, §§ 577, 581.) According to the allegations of the information, the time for the infliction of the threatened injuries had passed. Gall may have been put in fear of immediate injury, but it cannot be said from the averments of the charge that he suffered the property to be taken through fear of injury to be inflicted at some future time. In view of the fact that the defendant was found guilty of grand larceny only, this error is not of great importance, and may not have been prejudicial to the rights of the defendant.

The most serious complaint of the defendant, and one which must be held fatal, is the action of the court in giving oral instructions to the jury. Several hours after the case had been submitted, the court sent for the jury and learned that they did not fully understand the law of the case or the

written instructions which had been given. The court then, in answer to inquiries and upon its own motion, proceeded to orally charge the jury at considerable length as to what constitutes felonious intent and the unlawful taking of the property of another, as well as what are the duties of a juror in measuring the value of testimony. Explanations of some portions of the general charge were made, and in some cases the court modified the rules of law originally stated to the jury. The defendant at the time excepted to the giving of the oral instructions and explanations.

The action of the court was a plain violation of the statute. For good reasons, a court is required in criminal cases to reduce its instructions to writing and file them among the papers of the cause. (Crim. Code, § 236.) This is an imperative requirement, and it has been held that its violation is reversible error. (*The State v. Huber*, 8 Kas. 447; *The State v. Potter*, 15 id. 302; *City of Atchison v. Jansen*, 21 id. 560; *Rich v. Lappin*, 43 id. 666.)

Other errors are assigned, but in view of the fact that there must be another trial, they do not require attention.

The judgment of the district court will be reversed, and the cause remanded for another trial.

All the Justices concurring.