## THE STATE OF KANSAS V. HAYDEN KING.

No. 14,216.     (80 Pac. 606.)

### SYLLABUS BY THE COURT.

BREAKING JAIL—*Arrest for Burglary Held Lawful—Complaint and Warrant Sufficient.* A complaint duly verified, charging that one Ora Gregg, one Bob. Hickman, and John Doe and Richard Roe, whose real names were unknown, had committed a burglary, was filed with a justice of the peace. A warrant for the arrest of the parties named issued, and under it Hickman was arrested. Upon his examination it was ascertained by the justice that Richard Roe, whose real name was unknown, was Hayden King, and he made an entry to that effect upon his docket, and thereupon issued a warrant for the arrest of Hayden King for the commission of the crime charged, under which warrant King was arrested. *Held,* that such arrest was lawful; that neither section 15 of the bill of rights, which provides that "no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or property to be seized," nor the provisions of section 36 of the code of criminal procedure (Gen. Stat. 1901, sec. 5476), providing for the making of a complaint and the issuing of a warrant, were violated by such procedure; and *held,* further, that one imprisoned or detained in virtue of such warrant is in lawful custody and guilty of the crime of breaking jail, if he escape therefrom.

Appeal from Reno district court; W. H. LEWIS, judge. Opinion filed April 8, 1905. Affirmed.

*J. U. Brown,* county attorney, and *Carr W. Taylor,* for The State.

*H. Fierce,* and *George A. Vandeveer,* for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J.: This is an appeal from a judgment of conviction for breaking and escaping from the jail of Reno county while appellant was lawfully imprisoned therein upon the charge of burglary and larceny.

On April 1, 1904, there was filed before S. J. Morris, a justice of the peace of Reno county, a complaint signed and sworn to by H. King, charging that, on the 31st day of March, 1904, in that county, one Ora Gregg, one Bob Hickman, and John Doe and Richard Roe, whose real names were unknown, committed a burglary. Thereupon a warrant was issued directing the arrest of the parties named. Under this warrant Hickman was arrested, brought before the justice, and on April 8 his preliminary examination was had, at which he was discharged. The justice at the time and under the evidence adduced (the complaining witness, H. King, being a witness at this preliminary) made and entered the following finding: "That Richard Roe, whose real name was unknown to complainant herein, is Hayden King." Thereupon the justice issued a warrant in due form directing the arrest of Hayden King, the appellant. This warrant not having been served, an *alias* was issued in due form on May 6, 1904, under which the appellant was arrested by the sheriff of Reno county in the city of Chicago. On the 10th day of May he returned to Reno county without a requisition, and was held by the sheriff in the jail of that county when, on the 17th of May, he broke jail and escaped from custody.

He was at the same time being held under another warrant charging him with larceny of goods. We will, however, confine this discussion to the questions connected with the burglary charge, because if he is lawfully held under the warrant issued on that charge his conviction for breaking jail was rightful.

The appellant was prosecuted under section 183 of the crimes and punishment act (Gen. Stat. 1901, §2178), which provides:

"If any person *lawfully* imprisoned or detained in any county jail or other place of imprisonment, or in the custody of any officer, upon any criminal charge, before conviction for the violation of any penal statute, shall break such prison or custody and escape therefrom, he shall upon conviction be punished by confinement and hard labor for a term not exceeding two years, or in a county jail not less than six months."

The question presented is, therefore, whether under the facts above stated the detention of appellant was *lawful* at the time he effected his escape. It is claimed that this detention was not lawful because the complaint was not sufficient to authorize the issuance of the warrant under which appellant was being held, and that the finding of the justice of the peace that the Richard Roe named in the complaint was Hayden King did not help out its infirmity. This claim is based upon section 15 of the bill of rights, which provides:

"No warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or property to be seized."

The claim is also based upon section 36 of the code of criminal procedure (Gen. Stat. 1901, §5476), which reads:

"Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine on oath the complainant, and any witness produced by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by

19—71 KAN.

the complainant; and if it shall appear that any such offense has been committed, the court or justice shall issue a warrant, naming or describing the offense charged to have been committed and the county in which it was committed, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before some court or magistrate of the county, to be dealt with according to law; and in the same warrant may require the officer to summon such witnesses as shall be therein named, to appear and give evidence on the examination."

The argument is that it is necessary that the written complaint should particularly describe the person to be seized, and that no warrant can lawfully be issued except upon such complaint, and that an imprisonment upon a warrant otherwise issued is not a lawful one, and therefore may be broken without penalty. The ultimate question is, Must a complaint, in order to authorize the issuance of a warrant which shall justify the apprehension and holding of one under a criminal charge, describe the person to be arrested by a correct name, or such physical description as shall enable the officer holding the warrant to know the person whom the one making the complaint sought to have arrested? We are of the opinion that such a construction of the language of the bill of rights, or the quoted section of the code of criminal procedure, would unduly narrow the scope of their application, and that such a construction is not warranted.

Here it appears that the person to be arrested was particularly ascertained and determined before the issuance of the warrant, and the claim is not seriously pressed that the provision of the bill of rights was violated. It is, however, earnestly contended that under section 36, *supra*, the complaint, in order to authorize the issuance of the warrant, must be in writing, be subscribed by the complainant under oath, and particularly describe the person to be seized.

We cannot give this claim our assent to the extent

The State v. King.

to which it is pressed. This section requires that the magistrate, after the examination of complainant, shall reduce the complaint to writing and cause it to be subscribed, and that, if it appear that an offense has been committed, he shall issue a warrant describing the offense and directing the arrest of the person accused. Here a complaint was made and subscribed; it was under oath; from this complaint it appeared that an offense had been committed; it described two persons by their correct names and named two other persons by fictitious names—their real names being unknown—as the persons who committed the offense. It is proper to assume that the affiant had in mind four specific persons as the ones who had committed the offense. Upon subsequent examination of the complainant and others the justice ascertained that the name of one of the parties whose name had theretofore been unknown was Hayden King, and thereby made certain, not the person intended by the complaint to be charged, but the name of such person, and thereupon properly issued the warrant directing his arrest. Thus all the requirements of section 36 were complied with. The warrant was issued for the person accused, whose correct name had been thus ascertained. Neither this section nor the bill of rights requires that a complaint shall designate the accused by his right name. Were this always required, what a wide rent would be made in criminal procedure for the escape of wrong-doers.

An arrest is warranted, and hence lawful, even when made under a warrant issued on complaint sworn to by one who had no actual knowledge of the facts set out in the complaint. (*The State v. Carey,* 56 Kan. 84, 42 Pac. 371.) It is argued, however, that the complainant, H. King, being the father of Hayden King, must of necessity have known his name, and therefore he did not intend to designate Hayden King when he used the name Richard Roe. This does not

necessarily follow; he might have known that four persons were engaged in the burglary, and the names of two of them, and been uncertain as to the names of the other two. If, however, we grant the correctness of the conclusion of fact, it does not follow that the father could shield the son from the consequences of his breach of the criminal law by giving him a fictitious name. The moment the justice was enabled to determine by information coming to him the true name of the suspected guilty party he was authorized to issue a warrant for his arrest. It will be remembered that the complaint has served its entire purpose and spent its force when it has procured the issuance of the warrant. It is upon that instrument and its averments that the examination is had. (*Redmond v. The State,* 12 Kan. 172.)

In *People v. Wheeler,* 73 Cal. 252, 14 Pac. 796, a complaint was made in which four persons were charged under fictitious names. A warrant containing the same names was issued. The return showed that "the within-named defendants" had been arrested. Upon preliminary examination the magistrate ascertained their true names, and committed them by such names. In the trial court a motion was made, based upon these facts, to set aside the information because they had not been legally committed. The court said:

"Upon this showing, we think the court properly denied the motion. The committing magistrate was authorized to hold the defendants to answer for any offense which the evidence showed them to have committed; and his power was not limited to such offenses as were embraced within the crime charged in the complaint. Nor was it material that all the defendants, except Wheeler, were given fictitious names in the complaint. 'The regularity of the proceeding by information did not depend in any manner upon the affidavit on which the warrant of arrest was issued, and had no connection with it.' (*People v. Verlarde,* 59 Cal. 458.)"

We are of the opinion that the complaint cited, together with the subsequent inquiry of the justice whereby he ascertained the name of the person charged with the offense, was altogether sufficient to authorize the issuance of the warrant; that defendant's detention thereunder was a lawful one; and, hence, that his escape therefrom was criminal.

The judgment is affirmed.

All the Justices concurring.