No. 35,012

In the Matter of the Application of JOHN GATES and JOHN MATSON for a Writ of Habeas Corpus (JOHN GATES and JOHN MATSON, *Appellants,* v. FRANK ZIMMER, as Sheriff of Wyandotte County, *Appellee*).

(106 P. 2d 650)

Opinion filed November 9, 1940.

*Thomas E. Joyce,* of Kansas City, for the appellants.

*Jay S. Parker,* attorney general, *Arthur J. Stanley, Jr.,* county attorney, and *T. P. Palmer,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment denying a writ of habeas corpus sought by appellants who had been bound over for trial for their alleged crimes after a preliminary examination before a Wyandotte county magistrate.

The record shows that on May 23, 1940, the county attorney filed an amended complaint before a justice of the peace in Quindaro township, Wyandotte county, charging that on May 3, 1940, John Gates and John Matson had committed certain specified offenses against the gambling statutes at a designated place in Kansas City, Wyandotte county, Kansas. Pursuant thereto the defendants were arrested and brought before the justice of the peace for preliminary examination and bound over for trial at the next term of the district court. They chose not to give bond for their appearance, and sought to be released from the sheriff's custody by writ of habeas corpus sued out of the district court, on the alleged ground that the evidence introduced at their preliminary examination was insufficient to justify their being held for trial.

From an adverse judgment on that issue, defendants bring the cause here for further review—still insisting that the evidence ad-

duced before the justice of the peace was insufficient to satisfy the statutory prerequisites to subject them to formal prosecution.

To justify binding over for trial a person accused of crime it is only necessary that at the preliminary examination sufficient evidence be adduced to satisfy the examining magistrate that a crime has been committed and that the accused is *probably* guilty. (G. S. 1935, 62-620, 62-621.) In *State v. Pfeifer*, 109 Kan. 232, 196 Pac. 927, the defendants were arrested on a warrant charging them with the crime of poisoning their neighbor's cattle. They were brought before a magistrate and given a preliminary examination and bound over for trial. The accused sought to be released by the district court on a writ of habeas corpus on the ground that the evidence adduced at their preliminary examination was insufficient to justify their being bound over for trial. The district court denied the writ, and on appeal this court said:

"The testimony connecting the defendants with the offense is slight, but . . . it is deemed to be sufficient to hold the defendants for trial. There is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction. It is enough if it shows that an offense has been committed and that there is probable cause to believe the defendant is guilty." (p. 233.)

See, also, *In re Danton*, 108 Kan. 451, 453, 195 Pac. 981.

Applying this settled rule of law, we think the trial court did not err in denying these petitioners' application to be released on habeas corpus. Without attempting to rehearse the evidence adduced at the preliminary examination, it was well established that at the premises described in the amended complaint and warrant various aspects of the crimes of gambling had been committed—setting up and keeping a gaming table, permitting persons to play a "dice game" for money, and the like. It was also sufficiently shown that the accused were the persons—although perhaps not the only persons—who were operating the gambling games or actively concerned in their operation—Matson as "lookout" man to push a convenient electric device to warn the gamblers of the coming of police or prosecuting officers, the maintenance of three locked doors of intermediate rooms between the station of the "lookout" man and the gambling room—all on the same floor of the same building—and

the existence of the gambling paraphernalia and the presence of about thirty persons in the gambling room who under the circumstances could not conceivably have any business there except for the purpose of gambling; also the books of accounts and the complaint or protest (*res gesta*) of the other defendant, John Gates, that a sum of money, $200, found in the gambling room and which was taken charge of by the officers who raided the premises—that "You didn't get that from the game."

These and other evidentiary details contained in the record were quite sufficient to justify and require the district court to deny the petitioners' release on habeas corpus, and its judgment is therefore affirmed.