Nos. 35,359 and 35,557

THE STATE OF KANSAS, *Appellee*, v. S. NEWTON BOWSER, *Appellant.*

(129 P. 2d 268)

Opinion filed October 3, 1942.

*William M. Bradshaw* and *Edward Rooney,* both of Topeka, argued the cause, and *Jacob A. Dickinson,* of Topeka, was on the briefs for the appellant.

*Jay Kyle,* assistant attorney general, argued the cause, and *Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *John C. McCall,* county attorney of Neosho county, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellant, defendant in a criminal action, sought, by appropriate motions, to withdraw a plea of guilty and have the sentence theretofore imposed vacated. The motions were overruled and he appeals.

In April, 1940, the appellant, S. Newton Bowser, was charged in Neosho county with manslaughter in the fourth degree and with leaving the scene of an accident without giving information as required by G. S. 1939 Supp. 8-518, 8-520. About fifteen months later, on July 8, 1941, he entered a plea of guilty on both counts and was sentenced to one year in jail on each of the two counts, the sentences to run concurrently. Appeal was taken from the judgment and sentence. Later, on July 23, 1941, appellant filed a motion to withdraw the plea, vacate the sentence and enter a plea of not guilty. The trial court held that by virtue of an appeal having been taken to this court, it was without jurisdiction to consider the motion to withdraw the plea and vacate the judgment. From that determination appeal was taken and we held (State v. Bowser, 154 Kan. 427, 118 P. 2d 1055) that the trial court had not lost jurisdiction, and sent the case back for consideration of the motion. In due course hearing was held on the motion to withdraw and vacate, and on January 14, 1942, the trial court overruled the motion. From that order this appeal followed.

We are not here directly concerned with the circumstances out of which the prosecution of the defendant arose. But as background for consideration of the instant issue the facts will be briefly stated. Defendant Bowser was driving from Parsons, Kan., on his way to Topeka, on the evening of March 6, 1940. His car skidded into a pile of gravel. It is alleged that his car struck a man named Moore and that death resulted from the injuries. Following appellant's arrest in March, 1940, he employed an attorney in Topeka to defend him, but discharged the attorney prior to the plea of guilty in July, 1941. In connection with his motion for leave to withdraw the plea, appellant charged that he had been deceived and defrauded by the attorney, and much of the record before us relates to those charges. While more or less pertinent to the hearing on the motion, they are not at issue here, and we shall not recite them in detail. Following the discharge of the attorney first employed, the appellant pleaded guilty, the plea being entered by a Neosho-county attorney, em-

ployed solely, as he testified, for the purpose of presenting the plea. Attorneys subsequently employed, and now of record, presented the motion to withdraw the plea. We need not narrate all the facts and circumstances alleged in support of the motion. The trial court found them insufficient to entitle the appellant to withdraw the plea. Ordinarily, we would not disturb such a finding by a trial court. And in this case it may well be that the patience and considerate attitude shown by the trial court had been sorely tried over the long period during which the case was pending. However, there is one fact which stands out in bold relief in this record—whatever might be said as to other contentions urged by appellant—which in our opinion requires reversal, with direction to permit withdrawal of the plea. It is perfectly clear, and not seriously controverted by the state, that the plea of guilty was entered on the theory, shared by counsel and court alike, that the conviction of manslaughter in the fourth degree would stand as conviction of a *misdemeanor*, rather than of a *felony*, provided the court sentenced the defendant to a term in the county jail rather than in the penitentiary. We are convinced, from the record, that the appellant so believed when he pleaded guilty. Although the trial court struck from the record, upon the hearing on the motion, the testimony and the affidavit of appellant's attorney on that question, we cannot close our eyes to the obvious fact that those giving professional counsel to appellant mistakenly advised him that the offense charged would be treated as a misdemeanor rather than as a felony. But even if we were to disregard counsel's advice to appellant on this question, the statement made by the court before passing sentence cannot, in justice to appellant, be ignored. The trial court said:

"Gentlemen, this, like a lot of these things, is very unfortunate. Here is a man who has made good for a number of years, in fact, for a long time, as a business man in the state of Kansas, and he is highly regarded, not only by his own people, but by everybody who knew him. . . . Yet there has been a serious violation of the laws of the state of Kansas. It is a very serious thing to do something that takes the life of a human being. We have to look back on the whole thing.

"The laws of the state of Kansas with reference to homicide are rather complicated. We start out with what is known as 'first-degree' murder, and we have 'second degree,' and four degrees of manslaughter. Those all involve the taking of human life, that is, doing something that causes a human to die. Fourth-degree manslaughter is the lowest degree of homicide. It follows, as Mr. Hall said, he is guilty of fourth-degree manslaughter if he is culpably negligent. That means negligent to such a degree that he doesn't

give too much consideration or shows an 'I don't care' attitude as to results of his act.

"I know Mr. Bowser, of course, didn't want to do Mr. Moore any harm, any more than you or I wanted to do him harm. Of course, he was on the highway; Mr. Moore was on the highway; they both had a right to be there. The law puts the duty on you and me and everybody else to conduct ourselves on the highway so we will not do injury to others. The law must be upheld.

"However, *I don't believe that Mr. Bowser should be made a felon in this case;* that is, I don't think he should receive a penitentiary sentence. The law gives the court discretion to either sentence to the penitentiary or to the county jail. *If he should go to the penitentiary, he becomes a felon; if he goes to the county jail, it is regarded as a misdemeanor.* The law placed that discretion in the judgment of the court and expects the court to exercise that judgment with reference to all the facts and circumstances in each case that comes before him. It puts quite a burden on the court, but somebody has to exercise it and it is placed in the hands of the judge in this case. *If Mr. Bowser should become a felon, I presume, of course, his business would then all be gone; he would lose his license."* (Italics ours.)

Certainly the defendant (appellant here) cannot complain of the spirit and consideration shown by the court in fixing the sentence, and the statement concerning observance of the law was an admirable one. But the court was clearly wrong as to the classification of the offense. Whether an offense is to be classed as a felony or as a misdemeanor is determined by the sentence which *might* be imposed, under the statute, and not by the sentence actually imposed.

In the case of *In re Stevens, Petitioner,* 52 Kan. 56, 59, 34 Pac. 459, it was said:

"Within the statute, 'the breaking of a jail' before conviction may be punished by confinement and hard labor in the penitentiary. Under the great weight of authority, any offender who may be punished in this matter [manner] is guilty of a felony. To constitute that grade of offense, it is not necessary that it *must* be so punished; the maximum punishment to which the offender is punishable—*that is, may be punished or is liable*—is the test by which the degree of the offense is determined."

We find no case in which this rule, which is clearly in line with our statutory definition of a felony, has not been followed in this state. Moreover, it is the general rule, though the rule is otherwise in a few states by the express terms of their statutes. (22 C. J. S. 56, 57.)

Under our statute (G. S. 1935, 62-104) a felony "is an offense punishable by death or by hard labor in the penitentiary." Manslaughter in the fourth degree is punishable "by confinement and

hard labor for a term not exceeding two years, or by imprisonment in the county jail not less than six months." (G. S. 1935, 21-423.) It follows that when appellant pleaded guilty to manslaughter in the fourth degree he pleaded guilty to a felony and became a felon regardless of the sentence subsequently imposed, and in spite of the trial court's comment "I don't believe that Mr. Bowser should be made a felon in this case."

The seriousness of this error, dealing with a matter so vital to the interests of the defendant, is so apparent that it requires no discussion here. It would be serious to any defendant, and in this case it has an added importance due to the fact—noted by the trial court (*supra*)—that appellant is a licensed funeral director and that conviction of a felony is statutory grounds for revocation of his license. (G. S. 1935, 65-1722 [b].)

While it is readily understandable that counsel and court might make the mistake of thinking the sentence imposed would classify the offense as a *misdemeanor*, the defendant was clearly entitled to withdraw his plea and plead again, when the serious error had been discovered. Regard for the fundamental rights of the accused prevents our sanctioning any other course.

We have given consideration to the fact that appellant pleaded guilty and was sentenced on two counts and that the second count—leaving the scene of an accident—is a *misdemeanor*, and that if the sentence on the felony count only were set aside the sentence for one year would still stand as to the misdemeanor count. The state, however, makes no point of this, and we find ample reason for its not doing so. Upon this record we would be unable, justly, to sift the considerations incident to the pleas and say that the appellant would have pleaded guilty on the second count independent of the first count. Clearly the whole proceeding was conducted with the two counts considered together and we conclude should be so treated upon review.

We are not impressed by appellant's contention that the trial judge should have disqualified himself from sitting in the case. We find nothing in the record to indicate that he could or would not hear the case, after the plea of guilty is withdrawn and a new plea entered, in a fair, unbiased and impartial manner.

The judgment in the case, docketed on appeal as number 35,557, is reversed and the cause remanded with directions to allow the motion for leave to withdraw the plea of guilty, and to grant a new

trial with right to plead again on both of the two counts. Incident to such action, the trial court will of course set aside the sentence. It follows that the appeal from such judgment and sentence, docketed as number 35,359, now serves no further purpose and is hereby dismissed.

SMITH, J., dissents.