No. 39,344

In re Application for C. H. MERRIFIELD for a Writ of Habeas Corpus, Petitioner, *Appellant,* v. MERRILL LYON, Sheriff of Smith County, Kansas, Respondent, *Appellee.*

(267 P. 2d 465)

Opinion filed March 6, 1954.

*Ralph H. Noah,* of Beloit argued the cause, and *Don W. Noah,* of Beloit, was with him on the brief for the appellant.

*Terry E. Relihan,* county attorney, of Smith Center, argued the cause, and *Harold R. Fatzer,* attorney general, of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was a habeas corpus case. It was filed in the district court of Smith County, Kansas, where after a hearing the court denied the application for the writ. Petitioner has appealed.

Necessary pertinent facts may be summarized as follows:

On August 31, 1953, the county attorney filed in the county court of Smith county, a complaint verified by the wife of the petitioner which as abstracted here reads:

"That on or about the 28 day of August, A. D. 1953, in the county of Smith and state of Kansas, C. H. Merrifield, then and there being, did then and there unlawfully, feloniously, and intentionally maim, wound and assault Vera Merrifield causing her great bodily harm and endangering her life by such acts under circumstances which would have constituted murder or manslaughter if death had ensued, contrary to the statute in such cases made and provided and against the peace and dignity of the state of Kansas."

On the same day Honorable E. R. Sonnenberg, judge of the county court sitting as a magistrate, issued a warrant, the portion of which is abstracted reads:

"That on or about . . . maim, wound and assault Vera Merrifield causing her great bodily harm and endangering her life by such acts under circumstances which would have constituted murder or manslaughter if death had ensued . . ."

The prosecution was predicated upon our statute G. S. 1949, 21-435 which reads:

"If any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued, the person by whose act, procurement or negligence such injury or danger of life shall be occasioned shall, in cases not otherwise provided for, be punished by confinement and hard labor not exceeding five years, or in the county jail not less than six months."

The petitioner here was arrested on the warrant and on September 5, 1953, a preliminary examination was held. At the close of the hearing the court made the following announcement:

"The court finds that the crime has been committed as alleged, and there is probable cause for believing that the defendant is guilty of its commission. The defendant is ordered bound over to district court for trial, and his bond will be set at $5,000.00. . . ."

The abstract does not inform us of the date of the filing of this case in the district court. It was heard on September 23, 1953, and

after the hearing and argument the court denied petitioner's application for writ of habeas corpus. The notice of appeal was served September 30, 1953.

In this court counsel for appellant present three questions involved.

1. Was the complaint sufficient to cause the warrant to issue?

2. Was the warrant sufficient to place the defendant on preliminary hearing?

We answer both questions in the affirmative. A preliminary examination is not a trial as that term is ordinarily used. The pleadings are not examined with the exactness of pleadings filed in the district court such as the information.

We find nothing seriously wrong either with the complaint or warrant. They certainly were ample to advise the defendant of the charge made against him.

3. Counsel for appellant further inquire, "Was the evidence introduced sufficient to establish that a felony had been committed?"

We have read the summary of the evidence contained in the abstract and the counter abstract, and also the transcript of the testimony taken by a court reporter which counsel for appellant left with our clerk and invited us to read. It will be no kindness to the petitioner, nor the complaining witness, to summarize this evidence at length. It is sufficient to say that it discloses conduct of the defendant hardly expected of anyone, some of which necessarily caused the complaining witness great bodily harm, endangered her life, and of a character which would have constituted murder or manslaughter if death had ensued.

We cite a few of our many cases supporting the legal questions above determined: *Redmond v. The State*, 12 Kan. 172; *The State v. Bailey*, 32 Kan 83, 3 Pac. 769; *In re Stevens, Petitioner*, 52 Kan. 56, 34 Pac. 459; *In re Stewart*, 60 Kan. 781, 57 Pac. 976; *The State v. King*, 71 Kan. 287, 292, 80 Pac. 606; *The State v. White*, 76 Kan. 654, 92 Pac. 829; *State v. Gentry*, 86 Kan. 534, 121 Pac. 352; *State v. Killion*, 95 Kan. 371, 148 Pac. 643; *State v. Miner*, 120 Kan. 187, 243 Pac. 318; *State v. Richardson*, 137 Kan. 38, 19 P. 2d 735; *State v. Badders*, 141 Kan. 683, 685, 42 P. 2d 943; *In re Gates*, 152 Kan. 616, 106 P. 2d 650; *State v. Bowser*, 155 Kan. 723, 129 P. 2d 268; and, *State v. McCombs*, 164 Kan. 334, 188 P. 2d 922.

We find no error in the record. The judgment of the trial court is affirmed.