No. 44,394

STATE OF KANSAS, *Appellant,* v. KEITH E. CROW, *Appellee.*

(414 P. 2d 54)

Opinion filed May 7, 1966.

*Robert D. Hecht,* County Attorney, argued the case, and *Robert C. Londerholm,* Attorney General, and *Gene M. Olander,* Assistant County Attorney, were with him on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

PRICE, J.: The question here is whether a defendant, having previously been convicted of a felony, may, on a second felony conviction, be sentenced to confinement in the Kansas state industrial reformatory rather than the state penitentiary.

We answer the question in the negative.

On July 24, 1964, on pleas of guilty, defendant was convicted of the offenses of forgery in the second degree and attempted uttering —both of which are felonies. Sentences were suspended and he was placed on probation by the court for a period of two years.

On April 30, 1965, defendant was, on his plea of guilty, convicted of the offense of larceny of an automobile—a felony. Having previously been convicted of a felony the state recommended that he be sentenced to confinement in the state penitentiary.

Following a colloquy between court and counsel defendant was sentenced on the larceny charge to confinement in the Kansas state industrial reformatory. In doing so the trial court commented that it was—

". . . going to sentence this defendant to the Hutchinson Reformatory for the purpose of hoping that this statute will be tested so that we can get, once and for all, a determination as to what the legislature intended in the enactment of same; whether or not it is confined solely to first offenders and

whether or not when it says conviction does it mean just that, or does it mean having served time previously in the institution."

The state took exception to the sentence imposed and has appealed.

The statute in question (K. S. A. 76-2306) reads:

*"Sentence to reformatory; prosecuting attorney to furnish court prior criminal record, if any, of person convicted.* Any male person between the ages of sixteen (16) and twenty-five (25) who shall be convicted for the first time of any offense punishable by confinement in the state penitentiary may, in the discretion of the trial judge, be sentenced either to the state penitentiary or to the Kansas state industrial reformatory."

The term "conviction" applies equally in cases where a defendant enters a plea of guilty as well as where he has been convicted by the verdict of a jury (*State v. Brady*, 156 Kan. 831, 840, 137 P. 2d 206; *White v. Hudspeth*, 166 Kan. 63, 65, 199 P. 2d 518).

K. S. A. 62-104 defines a felony as being an offense punishable by death or confinement and hard labor in the penitentiary.

On July 24, 1964, defendant was convicted of two felonies. Therefore, on April 30, 1965, when he was convicted of larceny of an automobile it was not a conviction "for the first time of any offense punishable by confinement in the state penitentiary," and under the plain wording of the statute in question the court had no discretion in the matter. Defendant should have been sentenced to confinement in the state pententiary. The fact he had not served time on the prior convictions is immaterial.

The appeal by the state is sustained, and the judgment is reversed with directions to return defendant to the district court of Shawnee county for imposition of a correct sentence.

FROMME, J., not participating.