No. 44,738

Douglas Henderson, *Appellant,* v. State of Kansas, *Appellee.*

(426 P. 2d 92)

Opinion filed April 8, 1967.

*E. Dexter Galloway,* of Hutchinson, argued the cause and was on the briefs for the appellant.

*Richard J. Rome,* County Attorney, argued the cause, and *Raymond F. Berkley* and *Matthew J. Dowd,* Assistant County Attorneys, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from an order denying relief from a judgment and sentence challenged under the provisions of K. S. A. 60-1507.

The facts will largely consist of a chronological statement of petitioner's numerous felonies and sentences in connection therewith.

On November 23, 1959, petitioner was sentenced on a plea of guilty to the Kansas State Industrial Reformatory at Hutchinson for a term as provided by law on separate counts of burglary in the 2nd degree and of larceny. The sentences were to run concurrently.

On the same day he was similarly sentenced on two additional counts for burglary in the 2nd degree and larceny. These sentences were to run concurrently but they were to run consecutively to the sentences first imposed.

It appears that petitioner was granted a bench parole on the above matters but that the parole was revoked on February 1, 1960. On the same day the petitioner pled guilty to three counts of malicious destruction of property. He was again sentenced to the State Industrial Reformatory on each of the three counts, the sentences to run concurrently.

The petitioner made application for commutation of sentence and the Governor did on November 3, 1961, commute all of the

sentences by reducing them to a single term of 10 to 20 years, which petitioner continued to serve at the reformatory.

On June 29, 1962, the petitioner appeared before the district court of Reno County, Kansas, with his court appointed attorney, and entered a plea of guilty to a charge of escaping from the State Industrial Reformatory contrary to the provisions of K. S. A. 21-734. He was again sentenced to the State Industrial Reformatory for a period of three years to commence at the expiration of his commuted term.

On May 10, 1966, the petitioner filed proceedings under the provisions of K. S. A. 60-1507 challenging the validity of the judgment and sentence for escape. The trial court found that no issues of fact appeared which required an evidentiary hearing and denied relief.

Petitioner has appealed.

The appellant first contends that the court erred in sentencing him to the State Industrial Reformatory rather than to the State Penitentiary as required by K. S. A. 76-2306 because of a previous conviction for a felony at the time the sentence for escape was imposed. (*State v. Crow*, 196 Kan. 663, 414 P. 2d 54.)

It now appears that the appellant, on motion of the state, was ordered returned to the Reno County District Court for the correction of the sentence and the sentence was corrected to imprisonment in the State Penitentiary. Any basis that the appellant might have had for objection to the sentence has now been corrected and no issue remains on this ground.

The appellant next contends that he had numerous felony convictions when he escaped from the State Industrial Reformatory and that he was therefore erroneously confined in the reformatory and should have been in the State Penitentiary. He reasons that since he was not validly confined he had the right to leave and could not be guilty of escape.

We do not propose to labor the question of the effect of the numerous felony sentences received in a single day. Neither shall we labor the question of the effect of the Governor's commutation by which all of the sentences were reduced to one for 10 to 20 years in the State Industrial Reformatory. It will suffice to say that the appellant was in the custody of the state on numerous valid felony convictions which he does not challenge.

An escape may be justifiable where the arresting officer acted

without authority rendering the arrest illegal. (*State v. Beebe*, 13 Kan. 589; *State v. King*, 71 Kan. 287, 80 Pac. 606.) However, where the prisoner is properly in custody and serving a sentence under color of law, he cannot, on objection to his sentence, take matters into his own hands by way of escape but must apply for relief through regular legal channels. (*State v. Lewis*, 19 Kan. 260; *State v. Dilgar*, 111 Kan. 794, 208 Pac. 620; *State v. Naverth*, 64 Pac. 69; 70 A. L. R. 2d 1437.)

We find no merit in appellant's contention that K. S. A. 21-743 applies only to persons escaping while confined at hard labor and the Governor's commutation did not mention hard labor. Although we are intrigued by appellant's ingenuity we cannot give the legislature's use of the words "hard labor" the positive or directive effect that appellant claims.

We are inclined to the belief that the legislature used the words and phrases "confined", "imprisoned", "imprisonment and hard labor" and "imprisonment at hard labor" as more or less synonymous. Our statutes providing for labor of prisoners (K. S. A. 76-2320, State Industrial Reformatory; K. S. A. 76-2514, State Industrial Farm for Women; K. S. A. 76-2442, *et seq.*, State Prison) make no distinction as to labor because of the language used in sentencing. *In re Danton*, 108 Kan. 451, 455, 195 Pac. 981, we said:

". . . Under the statute all persons confined in the penitentiary are required to perform labor. The punishment inflicted there is not classified as hard and easy labor, but all are required to labor under the direction of the warden. That officer is to prescribe the work that the prisoners shall do, proportionate to the health and capacity of each of them. (Gen. Stat. 1915, § 9977.) In some of the penalties prescribed for crimes the legislature has added to imprisonment the old phrase 'at hard labor,' and in some it is omitted, but it is plain that it was not intended that the expression should add anything to the punishment. Under our system all prisoners alike are required to labor while confined in the penitentiary according to their strength and capacity, and so proportioned, it may be said to be hard labor for each prisoner. As used in the statute relating to attempts to commit a crime, the words 'hard labor' mean no more than compulsory labor. (*Brown v. The State*, 74 Ala. 478.) The punishment to be administered, so far as labor of prisoners in the penitentiary is concerned, is the same whether the words are included or omitted."

Appellant contends that he was deprived of his constitutional rights because neither his court appointed counsel nor the court advised him of his right of appeal.

The appellant entered a plea of guilty to the charge of escape.

He complains of no error leading up to his plea. His plea of guilty could not have been affected by something that would have occurred after it was entered. A plea of guilty entered without any claim of coercion leaves no basis for appeal. There is no merit to the contention.

As it appeared from the files, the record of the case and the appellant's petition that he was entitled to no relief, the trial court properly disposed of the contentions without a hearing.

The judgment is affirmed.

APPROVED BY THE COURT.

FONTRON, J., not participating.