(998 P.2d 519)

No. 80,543

STATE OF KANSAS, *Appellee*, v. ROBERT MIXON, *Appellant*.

Opinion filed February 18, 2000.

*Patrick H. Dunn*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Keith E. Schroeder*, assistant county attorney, *Timothy J. Chambers*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before JUSTICE DAVIS, presiding, DAVID J. KING, District Judge, assigned, and PHILIP C. VIEUX, District Judge, assigned.

VIEUX, J.: Robert Mixon worked for Wray and Son Roofing (Wray Roofing) as part of his work-release program through Hutchinson Correctional Facility. At 8:30 a.m. on December 4, 1995, Mixon's supervisor gave him permission to temporarily leave the work site to see his ex-wife, Amy Fulkerson.

Later that day, a corrections officer drove to Wray Roofing to pick up Mixon. However, Mixon had not been seen since earlier that day. An officer with the investigations unit went to the work site and determined that Mixon should be placed on escape status.

The officers went to Fulkerson's trailer home. Though the lights were on in the trailer, it was bare except for empty boxes on the floor. A neighbor told the officers that Fulkerson left at 10:45 a.m. with Mixon and their son to live in Missouri but indicated that Mixon would be returning to the work site.

Fulkerson's grandparents provided the officers with Fulkerson's telephone bill which revealed the telephone number of a motel in Amarillo, Texas. On February 20, 1996, the officers provided Amarillo authorities with the information regarding Mixon's possible location. Texas authorities took Mixon, his ex-wife, and his son into custody that evening.

During the State's case in chief, Mixon asserted his right to defend himself. After a thorough discussion, the court reluctantly agreed, provided that his defense counsel would remain to advise him throughout the remainder of the proceedings.

Mixon cross-examined witnesses, made objections, and made a closing argument. Mixon called four witnesses who testified to various aspects of the prison and parole system. Mixon wanted to call additional witnesses but the trial court stated that his questions to the witnesses were not relevant to the case. He then testified on his own behalf.

Mixon was found guilty of aggravated escape from custody and now appeals.

Mixon first argues the trial court did not comply with the law concerning waiver of counsel. Mixon was appointed a total of four attorneys but he continually stated that none of his court-appointed attorneys would ask the questions he wanted asked. As a result, he asserted his right to represent himself during the State's case in chief. After an extensive discussion, the trial court allowed Mixon to represent himself but required his last appointed counsel to remain to "advise" him.

The right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights. It is well established that a defendant who clearly expresses a desire to proceed pro se has a right to represent himself or herself after making a knowing and intelligent waiver of his right to counsel. *Faretta v. California,* 422 U.S. 806, 835, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975).

Waiver of the right to counsel must be knowingly and intelligently made based on the facts and circumstances of each case. *State v. Buckland,* 245 Kan. 132, 137, 777 P.2d 745 (1989). Kansas courts have adopted a three-step framework to determine whether a waiver is knowing and intelligent. First, a defendant should be advised of both his or her right to counsel and right to appointment of counsel in cases of indigency. Second, the defendant must possess the intelligence and capacity to appreciate the consequences of the waiver. Third, he or she must comprehend the nature of the charges and proceedings, the range of punishments, and all facts necessary to a broad understanding of the case. *Buckland,* 245 Kan. at 138.

The Kansas Supreme Court summarized the law regarding self-representation in *State v. Collins,* 257 Kan. 408, 411-16, 893 P.2d 217 (1995). Collins' request for self-representation was made during trial. The Supreme Court affirmed the district court's denial of the request, applying an abuse of discretion standard of review. Although a defendant has a right to self-representation, that right is unqualified only if it is asserted before trial. If this right is asserted after the trial commences, a decision to grant or deny self-

representation lies within the sound discretion of the trial judge. *Collins,* 257 Kan. at 415-16.

Mixon asserted this right of self-representation during the State's case in chief. The record reveals that Mixon was aware of his right to assistance of counsel. He had four court-appointed attorneys and expressed dissatisfaction with each one. Although the trial court was concerned with Mixon's ability to defend himself, his behavior during the course of the trial indicated he understood the proceedings and the consequences involved. After the trial, he filed a successful motion to amend his criminal history from category "B" to category "G" showing familiarity with criminal procedure.

Mixon filed numerous motions and other filings. He filed motions to dismiss his previous court-appointed attorneys, cross-examined State's witnesses, argued orally, properly filed post-trial motions in compliance with the rules, and argued post-trial motions in front of the court. He demonstrated a knowledge of the procedural aspects of trials and appeals.

Finally, we note that the trial court further protected Mixon's rights by requiring counsel to remain with Mixon to "advise" during the course of the trial. The trial court recognized that Mixon lacked the special skills and training necessary to effectively defend his case and advised him that it would be difficult and he might become frustrated if he proceeded pro se. Mixon exercised his constitutional right to self-representation after a thorough discussion with the trial court concerning the reasons for and the dangers of self-representation. Any risk to the defendant was minimized by the trial court's decision to have stand-by counsel. The record fully establishes that Mixon's choice of self-representation was knowingly and intelligently made.

Mixon next argues the trial court committed reversible error when it denied Mixon's right to present his theory of defense.

Mixon repeatedly contended the Department of Corrections did not have lawful custody of him. He relies on *Swisher v. Hamilton,* 12 Kan. App. 2d 183, 185, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987), which states that the actions of the parole board may not be arbitrary and capricious. He claims that if the Kansas Parole Board's actions were arbitrary and capricious in denying him pa-

role, the State's custody of him was no longer lawful. He contends that "lawful custody" was an element of the crime so he should have the opportunity to present a defense that his custody was not lawful.

The defendant was allowed to present the theory of defense with his own testimony; however, the trial court refused to allow witnesses to testify to the parole board's actions. The court held that it was relevant evidence for a K.S.A. 60-1507 action but was not a proper defense for aggravated escape from custody.

Mixon argues that the trial court's refusal to allow him to introduce evidence through witnesses regarding the parole board's actions denied him the right to present evidence supporting his theory of defense. The State argues that where a prisoner is properly in custody and serving a sentence under color of law, he or she cannot, on objection to his or her sentence, take matters into his or her own hands by way of escape, but must apply for relief through regular legal channels such as a writ of habeas corpus action. *Henderson v. State,* 198 Kan. 655, 657, 426 P.2d 92 (1967); *State v. Lewis,* 19 Kan. 260, 265 (1877).

A defendant is entitled to present the theory of his defense. *State v. Bradley,* 223 Kan. 710, 713, 576 P.2d 647 (1978). The defendant's fundamental right to a fair trial is violated if relevant, admissible, and noncumulative evidence which is an integral part of the theory of the defense is excluded. *State v. Mays,* 254 Kan. 479, 487, 866 P.2d 1037 (1994). However, the right to present a defense is subject to statutory rules and case law interpretation of rules of evidence and procedure.*State v. Thomas,* 252 Kan. 564, 573, 847 P.2d 1219 (1993).

The question of whether the trial court erred in excluding evidence is subject to an abuse of discretion standard of review. *State v. Valdez,* 266 Kan. 774, 799, 977 P.2d 242 (1999). "A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions. [Citations omitted.] A defendant's interest in presenting such evidence may ' "bow to accommodate other legitimate interests in the criminal trial process." ' " 266 Kan. at 799 (quoting *Rock v. Arkansas,* 483 U.S. 44, 55, 97 L. Ed. 2d 37, 107 S. Ct. 2704 [1987]).

Mixon was not precluded from presenting his theory of defense, as legally questionable as it may have been. The trial court allowed Mixon to present four witnesses in addition to his narrative testimony. A reasonable person would agree with the trial court's decision to exclude further witness testimony regarding the parole board's actions. The trial court did not abuse its discretion.

Mixon next argues that the trial court erred when it failed to instruct the jury that the custody must be lawful. Mixon argues the omission of the word "lawful" eliminated an essential element to proving the crime of aggravated escape from custody.

Mixon failed to object to the giving of the instruction when provided the opportunity. The issue, therefore, is whether the trial court's instruction was clearly erroneous. See *State v. Henry,* 263 Kan. 118, 131, 947 P.2d 1020 (1997).

The instruction the trial court gave on aggravated escape from custody was exactly the same as requested by Mixon. Further, the instruction is identical to that recommended in PIK Crim. 3d 60.11. In PIK Crim. 3d 60.11, the word "lawful" does not precede custody. The statute which defines the crime of aggravated custody, K.S.A. 21-3810, requires that the defendant be in "lawful custody." "Lawful custody," however, is initially a question of law for the trial judge to determine and not a question of fact for the jury to decide.

We believe the trial court's instruction was appropriate under the facts of this case. We further conclude the instruction was a correct statement of law that did not mislead the jury. Consequently, we conclude the trial court's giving of the instruction does not constitute reversible error.

Affirmed.