2001 WY 119

**Robert HAUCK, Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 00–215.**

Supreme Court of Wyoming.

Dec. 7, 2001.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Tina N. Kerin, Assistant Appellate Counsel.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] After the district court determined that Appellant Robert Hauck (Hauck) was incompetent to stand trial for controlled substance violations, escape, and interference with a peace officer, his trial was delayed for almost two years until he was found competent. Hauck claims that the delay violated his right to a speedy trial, he was entitled to a hearing on his request to represent himself at one of his competency hearings, and he was denied the right to be present at a hearing on a motion for a continuance of the

trial setting. We affirm the judgment and sentence of the district court.

## ISSUES

[¶ 2] The parties agree that the issues for our review are:

1. Was Appellant denied his right to a speedy trial?

2. Was Appellant denied his right to self-representation, without a hearing by the trial court?

3. Was Appellant denied his right to be present at a critical stage of the proceedings?

## FACTS

[¶ 3] On July 6, 1998, as Casper police approached Hauck to arrest him on an outstanding warrant, he fled and physically resisted arrest. Hauck was subdued and arrested, and police searched his fanny pack, finding methamphetamine, marijuana, and money. While being transported to the detention center, Hauck ran and was promptly apprehended. On July 8, 1998, Hauck again escaped from officers and was apprehended just outside of the building. He was charged with two counts of escape, in violation of Wyo. Stat. Ann. § 6–5–206; misdemeanor interference with a peace officer, in violation of Wyo. Stat. Ann. § 6–5–204; two counts of possession of a controlled substance, and further as an individual who had been convicted of possession of a controlled substance on three separate occasions, in violation of Wyo. Stat. Ann. § 35–7–1031(c); and two counts of possession of a controlled substance with intent to deliver, in violation of Wyo. Stat. Ann. § 35–1–1031.

[¶ 4] Bond was set on July 9, 1998, and Hauck's counsel filed a demand for a speedy trial on August 13, 1998. Hauck was arraigned on August 27, 1998, pleading not guilty to all charges. The parties stipulated to a continuance on September 4, 1998, and new defense counsel entered an appearance on September 14, 1998. On September 29, 1998, Hauck's counsel filed a motion to have Hauck examined because of a history of mental illness and inability to understand the legal consequences of his actions. The trial court held a hearing on this motion, and Hauck requested new counsel, stating that he did not want to enter a plea of not guilty by reason of mental illness. He reasoned that he had a state hospital mental examination eight times and had been found competent all but one time. He also requested that the court grant him a speedy trial. After defense counsel explained that he and the defendant were having difficulty communicating, the trial court did not make any ruling on the mental evaluation motion, and instead suggested that new counsel be appointed.

[¶ 5] An order appointing new counsel was signed on October 13, 1998, and on October 28, 1998, counsel requested a continuance of the trial then set for November 2, 1998. At a hearing on that motion, the district court granted the continuance but made specific findings pursuant to W.R.Cr.P. 48 that previous delays were due to defense counsel substitutions and that this delay was necessary for the due administration of justice.

[¶ 6] Defense counsel filed a motion to suppress on November 18, 1998, which was denied, and at the hearing on November 25, 1998, defense counsel again requested a mental examination. That motion was granted, and criminal proceedings were suspended on that date. An order to continue the trial was entered on January 4, 1999.

[¶ 7] A mental evaluation was completed on January 29, 1999, and the district court found Hauck incompetent to stand trial. On March 26, 1999, the trial court entered an order that Hauck was not triable by reason of mental illness, was found incompetent to refuse treatment, ordered to be medicated at the jail, and if that proved impracticable, that Hauck be transported to the state hospital.

[¶ 8] Defense counsel entered into a stipulated order dated March 31, 1999, to transport Hauck to the state hospital. Hauck was at the state hospital between April 7 and April 27, 1999. On May 26, 1999, the State submitted an Addendum to Forensic Evaluation, which was a letter advising the court that Hauck had been treated with Olanzapine. On June 9, 1999, the district court determined this information did not permit it to set a trial date and ordered another evalu-

ation on June 15, 1999. Hauck was again evaluated at the state hospital between June 28 and July 15, 1999.

[¶ 9] On June 24, 1999, at Hauck's request, his attorneys filed a motion to withdraw. On June 25, 1999, Hauck sent a letter to the trial court stating that the year-long delay violated his right to a speedy trial. On August 25, 1999, another competency hearing was held and, although the prosecution and defense counsel stipulated to Hauck's competency, the trial court ordered further evaluation. Defense counsel was permitted to withdraw on September 3, 1999. Because of the district court's observations of Hauck at his August 25, 1999, competency hearing, the district court determined that Hauck exhibited symptoms of paranoia that left the court with serious concerns regarding his ability to stand trial and requested that two doctors conduct further evaluation.

[¶ 10] On October 27, 1999, Hauck moved pro se for the court to dismiss the charges for failure to provide a speedy trial, and that same day the trial court again held a competency hearing and determined that Hauck remained incompetent to stand trial. On November 22, 1999, the trial court signed an order committing Hauck to the state hospital, finding him incompetent to refuse medication, and ordering that he be medicated over his objection. The state hospital's investigational review committee advised the trial court that legal and ethical considerations prevented it from forcibly medicating Hauck. That report also advised that Hauck was competent to stand trial.

[¶ 11] The State again requested a competency hearing. The record does not contain a transcript, but the State advises us that the hearing was held on February 17,

2000. Hauck was declared competent, and his trial began on March 6, 2000. At a hearing on the State's motion in limine, the State argued that Hauck should be prohibited from arguing that mental illness negated intent or justified using illegal narcotics because Hauck had not entered a plea of not guilty by reason of mental illness. Hauck's defense counsel advised the court that Hauck would not be presenting these arguments. Hauck was convicted on all seven counts. This appeal followed.

## DISCUSSION

### Speedy Trial

[¶ 12] The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). A speedy trial claim is reviewed under the mandates of Rule 48(b) of the Wyoming Rules of Criminal Procedure and, if necessary, evaluated by the four-part constitutional test articulated in *Barker. Campbell v. State*, 999 P.2d 649, 655 (Wyo.2000). The constitutional factors that must be considered are: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) the prejudice to the defendant. *Id.* Speedy trial analysis must consider both W.R.Cr.P. 48 and constitutional factors because a constitutional speedy trial violation could still occur despite compliance with the requirements of W.R.Cr.P. 48(b). *Id.*

[¶ 13] We begin by calculating the time between defendant's arraignment and trial, excluding the time periods specified in W.R.Cr.P. 48(b).[1] *Taylor v. State*, 2001 WY 13, ¶ 5, 17 P.3d 715, ¶ 5 (Wyo.2001). Delays

---

1. W.R.Cr.P. 48(b) states:

 (b) *Speedy trial.*—
 (1) It is the responsibility of the court, counsel and the defendant to insure that the defendant is timely tried.
 (2) A criminal charge shall be brought to trial within 120 days following arraignment unless continued as provided in this rule.
 (3) The following periods shall be excluded in computing the time for trial:
 (A) All proceedings related to the mental illness or deficiency of the defendant;
 (B) Proceedings on another charge;

 (C) Delay granted by the court pursuant to paragraph (4) or (5);
 (D) The time between the dismissal and the refiling of the same charge; and
 (E) Delay occasioned by defendant's change of counsel or application therefor.
 (4) Continuances not to exceed six months from the date of arraignment may be granted by the trial court as follows:
 (A) On motion of defendant supported by affidavit; or
 (B) On motion of the attorney for the state or the court if:

of fewer than 120 days are permissible, and if a delay has exceeded 120 days, we determine whether the defendant has made a written demand for a speedy trial or otherwise vigorously asserted his rights under W.R.Cr.P 48. *Id.*

 [¶ 14] Hauck first contends that the trial court's suspension of proceedings was improper, and if found to be proper, delay between arraignment and trial was 123 days and W.R.Cr.P. 48(b) mandates dismissal and retrial. Where the primary reason for the delay is the determination of the defendant's mental competency to stand trial, Wyoming law requires suspension of all criminal proceedings until the district court can make a determination of the defendant's mental competency to stand trial. *Smith v. State,* 871 P.2d 186, 190 (Wyo.1994) (citing Wyo. Stat. Ann. § 7–11–303(a)). Once there exists reasonable cause to question a criminal defendant's competency, due process protections of the state and federal constitutions also mandate such a suspension. *Id.* Under W.R.Cr.P. 48, all proceedings related to the mental illness or deficiency of the defendant are excluded in computing the time for trial. W.R.Cr.P. 48(b)(3)(A). Without reviewing time periods caused by defendant's change of counsel as permitted under W.R.Cr.P. 48(b)(3)(E), our review of the record indicates that ninety days passed between the date of arraignment, August 27, 1998, and the date that the district court suspended criminal proceedings, November 25, 1998.

(i) The defendant expressly consents;
(ii) The state's evidence is unavailable and the prosecution has exercised due diligence; or
(iii) Required in the due administration of justice and the defendant will not be substantially prejudiced; and
(C) If a continuance is proposed by the state or the court, the defendant shall be notified. If the defendant objects, the defendant must show in writing how the delay may prejudice the defense.
(5) Any request to continue a trial to a date more than six months from the date of arraignment must be directed to the court to which appeals from the trial would be taken and may be granted by that court in accordance with paragraph (4).
(6) Any criminal case not tried or continued as provided in this rule shall be dismissed 120 days after arraignment.
(7) If the defendant is unavailable for any proceeding at which the defendant's presence

From the date that Hauck was found competent on February 17, 2000, and the date trial began on March 6, 2000, seventeen days passed. The total elapsed time is one hundred and seven days, and presents no violation of W.R.Cr.P. 48(b).

[¶ 15] Hauck next contends that an unconstitutional 607–day delay occurred between the date charges were filed and the date of his trial because the trial court improperly suspended proceedings. The state hospital doctors consistently found him competent, and Hauck contends that the trial court improperly refused to find him competent and set trial. The record shows that the trial court also had the opinion of another doctor, Dr. Vuola, who disagreed with the state hospital that Hauck suffered from an anti-social disorder. It was Dr. Vuola's opinion that Hauck was an incompetent paranoid schizophrenic when not medicated. Dr. Hitt from the state hospital did not rule out this diagnosis. Under these circumstances, it was reasonable for the trial court to continue to find Hauck incompetent and suspend proceedings in accordance with Wyo. Stat. Ann. § 7–11–303.[2] Furthermore, any delay caused by Hauck's incompetency was compelled by his due process rights that he be tried only if competent. We find no violation of Hauck's constitutional speedy trial right.

*Self–Representation*

 [¶ 16] The Sixth Amendment of the United States Constitution requires that

is required, the case may be continued for a reasonable time by the trial court but for no more than 120 days after the defendant is available or the case further continued as provided in this rule.
(8) A dismissal for lack of a speedy trial under this rule shall not bar the state from again prosecuting the defendant for the same offense unless the defendant made a written demand for a speedy trial or can demonstrate prejudice from the delay.

**2.** Wyo. Stat. Ann. § 7–11–303(a) (LexisNexis 2001) states:

(a) If it appears at any stage of a criminal proceeding, by motion or upon the court's own motion, that there is reasonable cause to believe that the accused has a mental illness or deficiency making him unfit to proceed, all further proceedings shall be suspended.

a defendant in state court shall have the right to represent himself if the accused himself timely, knowingly, and intelligently requests the right to forgo counsel, and does not do so to cause delay. *Williams v. State,* 655 P.2d 273, 274, 276 (Wyo.1982); *and see Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Article 1, § 10 of the Wyoming Constitution says: "In all criminal prosecutions the accused shall have the right to defend in person and by counsel * * *." *Williams,* 655 P.2d at 274. The defendant need not have the skill and experience of a lawyer, but the court must make him aware of the disadvantages and the dangers of self-representation. *Id.* at 275.

[¶ 17] Hauck contends that counsel withdrew because of Hauck's desire to represent himself at a hearing, and that he requested at the competency hearing held October 27, 1999, that he be allowed to proceed pro se. That request was summarily denied, and he claims that the trial court erred in not holding a hearing on his request. Hauck provides us with no explanation how the trial court could have found his self-representation request knowing and intelligent before his competency was determined or once he was found incompetent. The State contends that it would have been a logical impossibility. On this record, we must agree and find no error. The United States Supreme Court has held that the degree of competence necessary for a defendant to waive counsel is the same degree of competence required for him to stand trial. *Godinez v. Moran,* 509 U.S. 389, 399–400, 113 S.Ct. 2680, 2686–87, 125 L.Ed.2d 321 (1993). While the issue of whether this standard would apply under a state constitutional analysis is not before us, *Godinez* does represent the very minimum that the standard could be and supports our determination that the district court could not logically decide that Hauck was incompetent to stand trial, but competent to represent himself. The district court, therefore, did not err in failing to hold a hearing on the self-representation request.

*Right to be Present*

[¶ 18] Hauck next contends that when he was not present at the October 29,

1999, hearing on the motion for a continuance of the trial setting, his statutory and constitutional right to be present at a critical stage of the proceedings was violated. The State responds that a contention that a defendant has any right to be present at a continuance hearing is without basis in the law. "The Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States are held to guarantee an accused the right to be present during every stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Seeley v. State,* 959 P.2d 170, 177 (Wyo.1998). The constitutional guarantee has been embodied into Wyo. Stat. Ann. § 7–11–202 and W.R.Cr.P. 43(a). *Id.* In none of these laws is it mandated that a defendant be present at a continuance hearing, and we are not provided with any authority that Hauck's presence was constitutionally required. We find no violation.

[¶ 19] The order of judgment and sentence are affirmed.