(237 P.3d 1254)
No. 102,677

STATE OF KANSAS, *Appellee*, v. BRIAN MILLER, *Appellant*.

Opinion filed August 20, 2010.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Bethany C. Fields*, deputy county attorney, *Barry Wilkerson*, county attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

MALONE, J.: Brian Miller appeals the district court's revocation of his probation. The only issue on appeal is whether the district court committed reversible error when it failed to properly advise

Miller of his right to an attorney at his probation violation hearing. Because the district court violated K.S.A. 2009 Supp. 22-3716(b) by failing to inform Miller that he had the right to be represented by counsel at the probation violation hearing and that an attorney would be appointed to represent him if he was financially unable to obtain counsel, we reverse and remand for a new hearing.

On March 6, 2007, Miller pled guilty to aggravated assault, a severity level 7 person felony; battery, a class B person misdemeanor; and forgery, a severity level 8 nonperson felony. On April 16, 2007, the district court imposed an underlying sentence of 27 months' imprisonment on the felony convictions and a consecutive 6-month jail sentence on the misdemeanor conviction. The district court placed Miller on probation on the felony convictions for 24 months.

Through the sentencing hearing, Miller was represented by a public defender who was allowed to withdraw on July 19, 2007. On August 16, 2007, a private attorney entered an appearance on behalf of Miller. On May 23, 2008, the State filed a motion to revoke Miller's probation. Miller appeared with his retained counsel at a hearing on September 2, 2008, and the district court revoked and reinstated Miller's probation.

On February 19, 2009, the State filed a second motion to revoke probation, alleging Miller had been arrested for domestic battery and had failed to report the arrest to his probation officer. Miller appeared twice without counsel and requested a continuance of the probation violation hearing in order to retain counsel. The district court continued the hearing but warned Miller after the second request that there would be no further continuances.

On May 4, 2009, Miller again appeared in district court without an attorney. Miller explained that he had attempted to contact an attorney but nevertheless had been unable to retain an attorney for the hearing. Miller acknowledged that the matter had been pending for a long time, and he informed the district court that he would represent himself at the hearing. The State called Kathy Ryan, Miller's probation officer, to testify at the hearing. Ryan testified that Miller had been arrested for domestic battery in Saline County, and she did not hear about the arrest until 2 months later

when she was informed by the Saline County supervising officer that Miller had been arrested. Miller did not cross-examine Ryan, and he did not testify or call any witnesses at the hearing. After hearing the evidence, the district court revoked Miller's probation and ordered him to serve his original sentence. Miller timely appealed.

Miller claims the district court committed reversible error when it failed to properly advise him of his right to an appointed attorney at his probation violation hearing. Miller relies on K.S.A. 2009 Supp. 22-3716(b), which provides that a defendant shall have the right to be represented by counsel at a probation violation hearing, and the judge shall inform the defendant that an attorney will be appointed if the defendant is financially unable to obtain counsel.

Interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008). Furthermore, the extent of a criminal defendant's right to the assistance of counsel is a question of law over which an appellate court exercises unlimited review. *State v. Jones*, 290 Kan. 373, 376, 228 P.3d 394 (2010).

While a defendant at a probation violation hearing is not entitled to every constitutional protection provided in criminal proceedings, the defendant is entitled to some minimum due process protections including assistance of counsel. *Black v. Romano*, 471 U.S. 606, 612, 85 L. Ed. 2d 636, 105 S. Ct. 2254 (1985). Kansas law requires that at a probation violation hearing: "The defendant shall have the right to be represented by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant." K.S.A. 2009 Supp. 22-3716(b).

There is no question that the district judge failed to inform Miller that he had the right to be represented by counsel at the probation violation hearing and that an attorney would be appointed to represent him if he was financially unable to obtain counsel. However, Miller expressed a desire to represent himself at the hearing. A defendant who clearly and unequivocally expresses a desire to proceed pro se has the right to self-representation after a knowing and intelligent waiver of the right to counsel. *Jones*, 290

Kan. at 376; *State v. Vann,* 280 Kan. 782, Syl. ¶ 3, 127 P.3d 307 (2006).

Kansas courts have adopted a three-step framework to determine whether a defendant's waiver of counsel is knowing and intelligent. First, a defendant should be advised of both the right to counsel and the right to appointment of counsel in cases of indigency. Second, the defendant must possess the intelligence and capacity to appreciate the consequences of the waiver. Third, the defendant must comprehend the nature of the charges and proceedings, the range of punishment, and all facts necessary to a broad understanding of the case. *State v. Buckland,* 245 Kan. 132, 138, 777 P.2d 745 (1989); *State v. Mixon,* 27 Kan. App. 2d 49, 51, 998 P.2d 519, *rev. denied* 269 Kan. 938 (2000).

Furthermore, a knowing and intelligent waiver of counsel requires that the defendant be informed of the dangers and disadvantages of self-representation. *Jones,* 290 Kan. at 376; *Vann,* 280 Kan. 782, Syl. ¶ 3.

Here, as we have previously discussed, the district judge failed to advise Miller of his right to counsel and that an attorney would be appointed to represent him at the hearing if he was indigent. The district judge also failed to make a record as to whether Miller understood the nature of the hearing and the punishment he was facing if the judge revoked his probation. The district judge also failed to inform Miller on the record of the dangers and disadvantages of self-representation. Based on the record for our review, we conclude that Miller did not knowingly and intelligently waive his right to counsel at the probation violation hearing.

The State points out that Miller was no stranger to the criminal justice system, as he had 16 prior convictions. Also, Miller had been through the probation violation process before, and he knew he was facing a prison sentence if his probation was revoked. On the other hand, the record does not reflect that Miller was aware he could ask the district court to serve a lesser sentence if his probation was revoked. See K.S.A. 2009 Supp. 22-3716(b); *Abasolo v. State,* 284 Kan. 299, 303, 160 P.3d 471 (2007). It is likely that Miller would have made this request had he been represented at the hearing by counsel. In any event, a district court may not measure

a defendant's competence to waive his or her right to counsel by evaluating the defendant's technical legal knowledge. *Jones*, 290 Kan. at 382. More importantly, the Kansas Supreme Court has determined that a violation of the defendant's right to counsel is structural error which is not amenable to harmless error analysis. *Jones*, 290 Kan. at 382; *Vann*, 280 Kan. at 793.

We hold the district court violated K.S.A. 2009 Supp. 22-3716(b) by failing to inform Miller that he had the right to be represented by counsel at the probation violation hearing and that an attorney would be appointed to represent him if he was financially unable to obtain counsel. Furthermore, we hold the record is insufficient to establish that Miller knowingly and intelligently waived his right to counsel. Accordingly, we reverse the district court's decision to revoke Miller's probation and remand for a new hearing.

Reversed and remanded.