2012 WY 86

**Vincent James SCOTT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0150.

Supreme Court of Wyoming.

June 18, 2012.

Representing Appellant: Diane Lozano, State Public Defender, PDP; Tina N. Olson, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Attorney General; David Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Travis J. Kirchhefer, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶1] A jury convicted Vincent James Scott of first degree sexual assault, aggravated assault and child abuse. He appeals, claiming the district court denied his Sixth Amendment right to represent himself at trial and imposed an illegal sentence. We affirm.

## ISSUES

[¶2] Mr. Scott states the issues for our consideration as follows:

I. Did the trial court arbitrarily deny Vincent Scott his constitutional right to represent himself during the criminal proceedings against him?

II. By running misdemeanor sentences concurrent with consecutive felony sentences, did the trial court create an impossible sentencing arrangement which is therefore illegal?

The State rephrases the issues as:

I. Should Scott be denied the opportunity to represent himself at trial?

II. Did the district court impose an illegal sentence when it ordered Scott to serve three misdemeanor terms concurrently with three consecutive felony terms of incarceration?

## FACTS

[¶3] On November 8, 2009, the Sheridan Police Department responded to a report of domestic violence at a residence in Sheridan, Wyoming. They found Mr. Scott's ex-wife, CS, and child at the residence. CS reported that Mr. Scott had beaten her, held a knife to her throat and forced her to have sex with him. The child tried to intervene and Mr. Scott pushed him down some stairs. At the time, there was a protection order in place prohibiting Mr. Scott from having contact with CS. During the assault, CS was able to call 911 but Mr. Scott interrupted the call by taking the phone away from her.

[¶4] Mr. Scott was charged with three felonies: first degree sexual assault under Wyo. Stat. Ann. § 6-2-302(a)(ii) (LexisNexis 2011), aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii) (LexisNexis 2009) and child abuse under Wyo. Stat. Ann. § 6-2-503(b)(i) (LexisNexis 2011). He was also charged with three misdemeanors: domestic battery pursuant to § 6-2-501(b) (LexisNexis 2011), interference with a 911 call in violation of Wyo. Stat. Ann. § 6-5-212(a) (LexisNexis 2011) and violation of a protection order under Wyo. Stat. Ann. § 6-4-404(a) (LexisNexis 2011). A public defender was appointed to represent Mr. Scott and his case was set for trial. One week before the trial was to begin, defense counsel moved to suspend the proceedings and for an order directing Mr. Scott to submit to a competency evaluation at the state hospital. The district court granted the motion. Upon completion of the evaluation and a determination that Mr. Scott was competent to proceed, the district court set a new trial date.

[¶5] One week before the second trial date, Mr. Scott's appointed counsel moved to withdraw on the ground that she was no longer a contract attorney for the State of Wyoming Public Defender. Another attorney with the public defender's office filed an entry of appearance on Mr. Scott's behalf and moved for a continuance of the trial date. The district court denied the motions to withdraw and for continuance and re-appointed the original attorney as a private attorney to represent Mr. Scott. In its order, the district court noted that the trial had already been postponed once to allow Mr. Scott to undergo a competency evaluation, the second trial date was only five days away, Mr. Scott had not waived his right to a speedy trial, the attorney originally appointed to represent him was qualified and competent, and requiring her to continue her representation would

provide consistency, prevent the need for a continuance and avoid resulting prejudice to Mr. Scott.

[¶ 6] Three days later, and a day and a half before trial, the court convened a status hearing. At that time, defense counsel informed the district court that Mr. Scott wished to waive his right to counsel and represent himself at trial. After inquiring of Mr. Scott whether he knew how to conduct a jury trial, the district court denied his request, finding that his attempt to waive his right to an attorney was not the result of a knowing and intelligent decision. The case proceeded to trial with Mr. Scott represented by counsel.

[¶ 7] Following a two day trial, and after deliberating for three hours, the jury found Mr. Scott guilty on all charges. The district court sentenced him to 35 to 50 years on the sexual assault conviction, eight to ten years for aggravated assault and four to five years for child abuse. The court ordered the felony sentences to be served consecutively. The district court imposed sentences of six months on each misdemeanor charge and ordered them to be served concurrently with the felony sentences.

## STANDARD OF REVIEW

[¶ 8] Like the right to counsel, the right of self representation is protected by the Sixth Amendment to the United States Constitution. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Ash v. State*, 555 P.2d 221, 224 (Wyo.1976). Claims that a constitutional right has been violated involve questions of law which we review *de novo*. *Rodriguez v. State*, 2010 WY 61, ¶ 6, 230 P.3d 1111, 1113 (Wyo.2010). Claims that a district court imposed an illegal sentence also involve questions of law subject to *de novo* review. *Center v. State*, 2011 WY 73, ¶ 6, 252 P.3d 963, 966 (Wyo.2011).

## DISCUSSION

### 1. Sixth Amendment Right to Self Representation

[¶ 9] In his first issue, Mr. Scott asserts the district court denied his Sixth Amendment right to represent himself at trial. He contends the district court is charged only with providing a defendant with sufficient information so that he understands the consequences of proceeding *pro se*. He asserts the district court committed reversible error when it forced him against his will to be represented by appointed counsel after he acknowledged that if he elected to proceed without counsel, he would be responsible for conducting the trial. The State responds that the district court properly denied Mr. Scott's request to represent himself at trial because the request was untimely and he did not knowingly and intelligently waive his right to counsel.

[¶ 10] A defendant has a clear right to choose to defend himself. *Miller v. State*, 560 P.2d 739, 741 (Wyo.1977), citing *Faretta*, 422 U.S. 806, 95 S.Ct. 2525. The right to self representation, unlike other constitutional guarantees, has as its primary purpose the defendant's freedom of choice, even though such a choice may operate to his detriment. *Burdine v. State*, 974 P.2d 927, 931 (Wyo.1999), citing *Williams v. State*, 655 P.2d 273, 274 (Wyo.1982). Reversible error may occur if a trial court attempts to force an attorney on an unwilling defendant. *Ash*, 555 P.2d at 224; *Osborn v. State*, 672 P.2d 777, 797 (Wyo.1983).

[¶ 11] A defendant who chooses to proceed *pro se*, however, must act knowingly and intelligently in giving up the benefits associated with the right to counsel. *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Large v. State*, 2011 WY 159, ¶ 32, 265 P.3d 243, 251 (Wyo.2011). Before allowing a defendant to proceed without counsel, the court must make him aware of the disadvantages and dangers of self-representation. *Id.* "Ideally, the trial judge should conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding *pro se.*" *Id.*, quoting *United States v. Willie*, 941 F.2d 1384, 1388 (10th Cir.1991). "[A] defendant need not himself have the skill and experience of a lawyer in order competently and intelligently

to choose self-representation." *Id.,* quoting *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. However, for a defendant's decision to proceed *pro se* to be valid, the trial judge must ensure that the waiver of counsel is "an intentional relinquishment or abandonment of a known right or privilege." *Van Riper v. State,* 882 P.2d 230, 234 (Wyo.1994), quoting *Willie,* 941 F.2d at 1388. In deciding whether the right to counsel has been waived, we indulge every reasonable presumption against waiver. *Rodriguez,* ¶ 10, 230 P.3d at 1113. We review the record as a whole to determine if the right to counsel has been voluntarily, knowingly, and intelligently waived. *Id.*

[¶ 12] In the present case, after defense counsel informed the district court at the pretrial status hearing that Mr. Scott wanted to represent himself at trial, the following exchange occurred:

THE COURT: Now, you also have the right to waive your right to counsel. In order to do that I need to make sure that you are doing it voluntarily and knowingly and intelligently. Do you understand that?

[MR. SCOTT]: Yeah.

THE COURT: Is it your desire to go forward without any attorney?

[MR. SCOTT]: Yeah.

THE COURT: You realize that is a—In my belief that is a mistake. There are many legal issues to be addressed, and going forward without an attorney would be haphazard and a mistake. You are nodding your head, yes, you understand that. Do you understand that?

[MR. SCOTT]: Yeah.

THE COURT: Do you understand if you go forward without an attorney you will be held to the same standard as an attorney?

[MS. SCOTT]: Yes, I knew that.

THE COURT: Do you have any idea how to prepare and participate in a jury trial?

[MR. SCOTT]: I have been watching TV and, you know.

THE COURT: Well, TV is not how it works. If you think by watching TV that

shows you how to do it, then you are sorely misguided.

[MR. SCOTT]: Well, I will try my best, man.

THE COURT: What is that?

[MR. SCOTT]: I said I will do my best.

THE COURT: You understand the charges against you are very serious?

[MR. SCOTT]: Yeah.

THE COURT: And first degree sexual assault carries a minimum of five years and a maximum of fifty years?

[MR. SCOTT]: Yeah.

THE COURT: And your going forward without an attorney—

[MR. SCOTT]: Yeah.

THE COURT: —may severely jeopardize your ability to be adequately represented and present your case in front of a jury?

[MR. SCOTT]: Yeah.

THE COURT: You know that?

[MR. SCOTT]: Yeah.

THE COURT: Have you thought about how you are going to present your case?

[MR. SCOTT]: No. We will just handle it when we get there.

. . . .

THE COURT: Have you ever sat through a jury trial?

[MR. SCOTT]: . . . . No, sir.

THE COURT: Have you ever selected a jury?

[MR. SCOTT]: No, sir.

THE COURT: Have you ever cross examined a witness under oath?

[MR. SCOTT]: No, sir.

THE COURT: Have you ever studied any legal documents? You have a ninth grade education?

[MR. SCOTT]: Yes.

THE COURT: Have you had any education in the field of legal issues?

[MR. SCOTT]: No.

THE COURT: And you have not prepared for your trial?

[MR. SCOTT]: No. I just started working with [defense counsel] ... last week.....

THE COURT: So you were refusing to work with [defense counsel] until last week?

[MR. SCOTT]: Yes, sir.

THE COURT: And that was your own choice?

[MR. SCOTT]: That was my choice from the beginning.

THE COURT: What is your plan to go forward without an attorney? You don't have to give me a lot of details but I need some indication of what you are planning.

[MR. SCOTT]: I don't want to tell you my plan.

THE COURT: In fact, you told me earlier you don't have a plan, is that right?

[MR. SCOTT]: Exactly.

[¶ 13] From this colloquy, it is clear that Mr. Scott's desire to proceed without counsel resulted from an intentional relinquishment of a known right. He knew he had the right to an attorney and voluntarily made the decision that he wanted to proceed without one. It is also clear that the district court made him aware of the disadvantages and dangers of self-representation and conducted a thorough inquiry to inform him of the nature of the charges, the range of allowable punishments, and the risks of proceeding *pro se.*

[¶ 14] At the time of the hearing, Mr. Scott was twenty-six years old and had a ninth grade education. His only knowledge about how to prepare for and participate in the trial came from television. He conceded that he had not given any thought about how to present his case as of the time of the status hearing less than two days before trial but intended to do his best and handle it when he got there. These facts distinguish Mr. Scott's case from *Van Riper,* 882 P.2d at 234–35, where this Court concluded the defendant's decision to proceed without counsel was made knowingly and intelligently because he had been involved in a prior legal proceeding without the assistance of counsel, had three prior convictions for related offenses, and had filed twenty-six motions and other documents on his own before trial, including a notice that he would represent himself in which he stated that he was forty-five years old, college educated and had completed a paralegal course.

[¶ 15] Notwithstanding *Van Riper,* Mr. Scott's lack of education and technical legal knowledge are not grounds for concluding that his desire to provide his own defense was made unknowingly and unintelligently. There is nothing in the record to indicate that Mr. Scott was unable to reach the level of appreciation needed for a knowing and intelligent waiver. Under *Faretta* and the majority of cases from other courts, with a proper explanation by the trial judge, a defendant who is capable of managing his own affairs, not under any legal disability and mentally competent can make an intelligent and knowing waiver. LaFave, Israel, King and Kerr, 3 Criminal Procedure § 11.5(d) (2007). Moreover, the law is clear that the degree of competence necessary for a defendant to waive counsel is the same degree of competence required for him to stand trial. *Hauck v. State,* 2001 WY 119, ¶ 17, 36 P.3d 597, 602 (Wyo.2001), citing *Godinez v. Moran,* 509 U.S. 389, 399–400, 113 S.Ct. 2680, 2686–87, 125 L.Ed.2d 321 (1993). As noted previously herein, prior to the status hearing at which he waived his right to counsel, Mr. Scott was evaluated and deemed competent to stand trial. He was, therefore, competent to waive his right to representation by counsel. The district court erred in concluding Mr. Scott's waiver of counsel was not the result of a knowing and intelligent decision. This conclusion, however, does not end the inquiry.

[¶ 16] In *Faretta,* 422 U.S. at 807, 95 S.Ct. at 2529, the Court stressed that the defendant's request to proceed *pro se* was made "well before the date of trial." Some courts deem requests timely as long as they are made before trial. *State v. Mixon,* 27 Kan.App.2d 49, 998 P.2d 519 (2000); *State v. Torkelsen,* 752 N.W.2d 640 (N.D.2008); *Dearybury v. State,* 367 S.C. 34, 625 S.E.2d 212 (2006). In *Williams,* 655 P.2d at 276, however, this Court held that a defendant's request for self representation made on a

Friday before a Monday trial was untimely. The Court further held that when a defendant fails to make a timely request to proceed *pro se,* it is within the trial court's discretion to decide whether to allow the defendant to exercise the right. *Id.* The *Williams* decision cited with approval the following rules for determining whether the decision to allow a defendant to proceed *pro se* is a matter left to the trial court's discretion:

> (a) if made well before the trial or hearing and unaccompanied by a motion for continuance, the right of self-representation exists as a matter of law; (b) if made as the trial or hearing is about to commence, or shortly before, the existence of the right depends on the facts of the particular case with a measure of discretion reposing in the trial court in the matter; and (c) if made during the trial or hearing, the right to proceed pro se rests largely in the informed discretion of the trial court.

*Id.,* quoting *State v. Fritz,* 21 Wash.App. 354, 585 P.2d 173, 178 (1978).

[¶ 17] Mr. Scott's trial was set to begin at 9:00 a.m. on Wednesday, October 6, 2010. He made his request to represent himself at 2:00 p.m. on Monday, October 4, 2010, less than 48 hours before his trial was to commence. At that point, one trial date had already been suspended and Mr. Scott had attempted through counsel to obtain a continuance of the October trial setting. We do not know from the record whether Mr. Scott would have requested another continuance if his motion to represent himself had been granted. It is clear, however, that he was not prepared to offer a defense and the trial was less than two days away. We conclude the district court in the present case had the discretion to deny Mr. Scott's untimely request to proceed without counsel. Although it erred in denying the request on the grounds that Mr. Scott's decision was not knowing and intelligent, the record and our precedent support denial of the request as untimely. On those grounds, we affirm the district court's denial.

### 2. Illegal Sentence

[¶ 18] Mr. Scott next contends that the sentence the district court imposed is illegal. Specifically, he asserts that it is not possible for him to serve six month misdemeanor sentences concurrently with three consecutive felony sentences because he will have served the misdemeanor sentences before he completes his sentence on the first felony and there will be no time left to serve on the misdemeanors concurrently with the second and third felony sentences. Because the sentencing scheme is impossible, he argues it is illegal. The State asserts the sentence is not illegal and, in any event, the 516 days awarded for time Mr. Scott served prior to sentencing essentially extinguished the misdemeanor sentences.

[¶ 19] In Wyoming, credit for time served is applied against all concurrent sentences imposed in a single prosecution. *Weedman v. State,* 792 P.2d 1388, 1389 (Wyo. 1990). When the district court in this case awarded 516 days credit, the three concurrent six month sentences were extinguished and Mr. Scott had nothing left to serve on the misdemeanors. Under these circumstances, the sentence imposed is not impossible and not illegal.

[¶ 20] We affirm Mr. Scott's conviction and sentence.