NOT DESIGNATED FOR PUBLICATION

No. 116,810

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMBER E. BURDEN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed November 17, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Kerwin L. Spencer*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., GREEN, J., and MERYL D. WILSON, District Judge, assigned.


PER CURIAM: Amber E. Burden appeals from a jury verdict finding her guilty of unlawfully possessing marijuana and cocaine. She contends that the district court erred in finding her competent to represent herself at trial and in instructing the jury that it "should" find her guilty if it had no reasonable doubt as to the claims the State was required to prove. Finding no error, we affirm.

*Factual and procedural background*

The facts underlying this case began when Burden's daughter, B.B., gave drug paraphernalia to her father when he came to lunch with her at school. B.B.'s father reported the incident to the school, and the school principal reported the matter to law enforcement. B.B. told officers the paraphernalia belonged to Burden and that she had taken it from Burden's bedroom. Police officers went to Burden's residence to investigate. When they asked Burden if they could search her residence, Burden replied that she wanted to restrain her dogs first. Officers nonetheless swiftly entered Burden's residence without a warrant and found drug paraphernalia and small quantities of marijuana and cocaine.

Burden was charged with possession of marijuana, cocaine, and drug paraphernalia. During her first appearance, Burden refused to recognize the district court's authority and made repeated outbursts. Burden repeatedly demanded that the charges against her be dropped and asserted that her rights were being violated. The district court ultimately held Burden in contempt because she refused to leave the courtroom at the conclusion of the hearing. Because of Burden's conduct, the district court questioned her competency and ordered a competency evaluation.

The mental health care professional who conducted Burden's competency evaluation concluded that Burden had "no significant impairment that is psychiatric in nature, and that she [did] understand the nature and purpose of the criminal proceedings against her." The district court determined that Burden had the capacity to assist counsel in preparing her defense and that she was competent to stand trial.

Before trial, Burden elected to waive her right to counsel and to represent herself. The district court determined that Burden was competent to stand trial and was capable of representing herself because she understood the nature of the charges and courtroom

procedure. The district court appointed stand-by counsel to aid Burden in her defense in the event that she requested help.

Burden then filed two motions to dismiss the charges against her. Her first motion asserted that the district court lacked jurisdiction over her. The district court denied that motion, finding it had no merit. Her second motion again challenged the district court's jurisdiction, arguing that she had the right to face her accuser and could not be prosecuted because the State had not presented a plaintiff. The district court denied that motion as well. Despite having received three continuances and having been urged by the district court to file a motion to suppress, Burden never did so.

At trial, Burden represented herself. While cross-examining witnesses, she had difficulty forming questions. The district court told Burden that she needed to ask questions and not just talk. During her closing argument, Burden referenced a speech which discussed the importance of maintaining power through consent rather than through coercion. Burden related that speech to her assertion that she had not consented to the search of her home. The district court warned Burden that she needed to address the issues before the court.

After closing arguments, the district court instructed the jurors that if they had "no reasonable doubt as to the truth of each of the claims required to be proved by the State [they] should find [Burden] guilty." The jury found Burden guilty of unlawfully possessing marijuana and cocaine but found her not guilty of possessing drug paraphernalia. The district court sentenced Burden to 11 months in prison but placed her on probation for one year. Burden now appeals her conviction.

*Did the district court correctly determine Burden was competent to represent herself?*

Burden first contends that the district court applied the wrong standard in finding her competent to represent herself because it did so after only finding her competent to stand trial. She thus contends that the standard used to determine her competence to represent herself should be different than the standard used to determine a defendant's competence to stand trial. Burden contends that the manner in which she conducted herself throughout the underlying proceedings shows that she was not competent to represent herself—specifically, she was unable to subject the prosecution to "meaningful adversarial testing."

Our determination of this appeal involves two related questions: (1) whether the district court followed the proper procedure; and (2) whether Burden had the capacity to proceed pro se.

*Did the district court follow the proper procedure?*

The Sixth Amendment to the United States Constitution confers the right to self-representation in criminal proceedings. *State v. Jones*, 290 Kan. 373, 377, 228 P.3d 394 (2010). A criminal defendant has the right to proceed pro se after a knowing and intelligent waiver of the right to counsel. 290 Kan. at 376.

A three-step framework guides our determination of whether a waiver meets that test:

> "Kansas courts have adopted a three-step framework to determine whether a defendant's waiver of counsel is knowing and intelligent. First, a defendant should be advised of both the right to counsel and the right to appointment of counsel in cases of indigency. Second, the defendant must possess the intelligence and capacity to appreciate

4

the consequences of the waiver. Third, the defendant must comprehend the nature of the charges and proceedings, the range of punishment, and all facts necessary to a broad understanding of the case. [Citations omitted.]" *State v. Miller*, 44 Kan. App. 2d 438, 441, 237 P.3d 1254 (2010).

At the competency hearing, the district court advised Burden of her right to counsel and numerous other constitutional rights. Burden said that she understood those rights. The district court specifically explained the benefits of being represented by an attorney and told Burden numerous times that she would not have the benefit of a lawyer's specialized knowledge if she chose to represent herself.

The district court also explained the charges and the consequences of a guilty verdict to Burden, and she stated that she understood them. Burden's diagnosis showed that she did not have any mental afflictions that would have hindered her ability to understand the nature of her criminal proceedings. Our review of the record leads us to a firm conviction that the district court thoroughly complied with the three-step procedure noted above and that Burden knowingly and intelligently waived her right to counsel.

*Was Burden competent to proceed pro se?*

"Appellate courts employ an abuse of discretion standard when reviewing a district court's decision about a defendant's competency to stand trial." *State v. Woods*, 301 Kan. 852, 860, 348 P.3d 583 (2015). That standard of review tacitly acknowledges, as we expressly do here, that the trial judge who presided over the defendant's competency hearing and his or her trial "will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant." *Indiana v. Edwards*, 554 U.S. 164, 177, 128 S. Ct. 2379, 171 L. Ed. 2d 345 (2008).

5

Judicial discretion is abused if judicial action is: (1) arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, i.e., if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Burden bears the burden of proof on appeal. See *Woods*, 301 Kan. at 862.

Burden asserts that some substantive standard different from competence to stand trial should apply in determining whether a defendant is competent to invoke the right to self-representation, relying primarily on *Edwards*. But *Edwards* held that the United States Constitution does not prohibit States from insisting upon representation by counsel for defendants competent enough to stand trial but who suffer from severe mental illness to the point that they are not competent to conduct trial proceedings by themselves. 554 U.S. at 169-78. That issue is not before us today, as no one insisted that Burden be represented by counsel. Instead, she was permitted to represent herself. This case applies the holding of *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), that the Sixth and Fourteenth Amendments include a "constitutional right to proceed without counsel when" a criminal defendant "voluntarily and intelligently elects to do so." 422 U.S. at 807.

Additionally, we have previously rejected the argument that a separate standard exists, finding: "No separate finding of mental competence, apart from competence to stand trial, is necessary before a defendant may exercise the right of self-representation." *State v. McCall*, 38 Kan. App. 2d 236, Syl. ¶ 1, 163 P.3d 378 (2007). We adhere to that ruling here. A district court properly permits a defendant to represent himself or herself when that defendant is competent to stand trial, as Burden was, and knowingly and intelligently waives his or her right to counsel, as Burden did.

6

The district court specifically determined that Burden was competent to represent herself. We agree that some of Burden's legal arguments to the district court were incoherent and that she failed to file a motion to suppress. But she did file two motions to dismiss and managed to persuade the jury that she was not guilty of possessing drug paraphernalia. The district court cannot determine competence by forecasting or evaluating the criminal defendant's legal knowledge or technical skills. *Jones*, 290 Kan. at 377. Having reviewed the record, we find that the conduct of her defense does not reflect her inability to knowingly and intelligently choose self-representation.

We find that Burden's Sixth Amendment rights were fully protected. The district court did not abuse its discretion in finding Burden competent to represent herself.

*Was the jury instruction erroneous?*

Burden next challenges the following instruction: "If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty." She specifically contends that use of the word "should" was incorrect and prejudicial.

Burden contends that the words "should" and "must" are interchangeable and that use of the word "should" is inappropriate because use of the word "must" is inappropriate. Burden asserts that the word "'should' implies a moral, virtuous and ethical obligation" that directs the jury to return a guilty verdict.

Generally, a criminal defendant must object to a proposed jury instruction before the jury retires to consider its verdict, if the defendant seeks to challenge the instruction on appeal. See K.S.A. 2016 Supp. 22-3414(3). Burden did not object to this jury instruction. But an exception to that statute permits a criminal defendant to challenge on

7

appeal a clearly erroneous jury instruction without first objecting at trial. Thus Burden may challenge this instruction only if it was clearly erroneous.

The language used in the challenged instruction is identical to the language used in our pattern jury instructions. See PIK Crim. 4th 51.010. Our Supreme Court has advised that absent a need to modify the jury instructions, a district court should use the pattern jury instructions. *State v. Gallegos*, 286 Kan. 869, 878, 190 P.3d 226 (2008). Burden did not contend that any modification was necessary, and nothing in the record suggests to us any need for modification.

Other panels of this court have rejected the same argument Burden makes and have held that the use of "should" in this reasonable doubt instruction is legally appropriate. See, e.g., *State v. Campbell*, No. 114,167, 2016 WL 3407598, at *3-4 (Kan. App. 2016) (unpublished opinion) (collecting cases), *rev. denied* 306 Kan. __ (2017); *State v. McDuffie*, No. 113,987, 2017 WL 2617648, at *8-9 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. __ (2017); *State v. Bostic*, No. 115,114, 2017 WL 1382603, at *5-6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 12, 2017; *State v. Spalding*, No. 114,561, 2017 WL 1433513, at *8 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. __ (2017); *State v. Bradford*, No. 115,008, 2016 WL 7429318, at *3-4 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. __ (2017); *State v. Hastings*, No. 112,222, 2016 WL 852857, at *4-5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. __ (2017); *State v. Jones*, No. 111,386, 2015 WL 4716235, at *5-6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (2016). We join those cases and find no error. Burden fails to show that the jury instruction as given was clearly erroneous.

Affirmed.